### MULLER *et al. vs.* RHUMAN.

1. The record of a former adjudication, founded on a bill to which no subpœna was attached, and of which no service was made or waiver thereof had, is not admissible in a subsequent suit between the same parties or their privies in regard to the same subject-matter.
2. Where the contest was over title to realty, and a mistake in the deed from the grantor under which both sides claimed, was alleged by defendants, one of defendants who claimed by purchase under the others, was an incompetent witness as to the original contract, the grantor being dead, even though he died before defendant became interested by purchase.
3. Parol evidence as to what are the terms of a deed is inadmissible.
4. Declarations of a grantor after he has sold, and delivered the deed, are inadmissible to disparage the title of the grantee.
5. Admissions of the then holder of the title, while in possession, as to the nature of his title, may be shown.
6. The admissibility of evidence is for the decision of the court; its credibility for the jury.
7. To correct a deed by parol evidence of mistake, such mistake must be shown beyond a reasonable doubt.

Evidence. *Res adjudicata.* Equity. Estates. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

Mrs. Anna Rhuman filed her bill against Muller, Breitenbucher and others, to recover certain realty in the city of Atlanta. She claimed as being next of kin to Peter Oelrich, deceased, under a deed made by Peter Huge, dated Feb. 10, 1871, by which he conveyed the premises to "Catherine Oelrich during her natural life, and at her death to such child or children as she may have by her present husband, Peter Oelrich, and if she should die leaving no child or children by her present husband surviving her, then the title to vest in her said husband, Peter Oelrich, and if the said Peter Oelrich should die before his said wife, and the said Catherine should die leaving no child or children surviving her, then the title to vest in the next of kin of said Peter Oelrich." Oelrich died first; Mrs. Oelrich afterwards. They left no children. Complainant is his sister.

Defendants set up that Huge's deed was made by mistake, and was intended to convey a fee simple title to the premises to Mrs. Oelrich; that being Germans, not familiar with the English language, they did not discover the mistake for some time; that after Huge's death, Oelrich and wife filed a bill against the administrator of his estate and the two sisters (one having since died) of Oelrich to reform the deed, and a decree was had for that purpose, which renders the matter *res adjudicata.* The answers pray that if it is not already decided, it may now be so decreed. [Huge's administrator was not a party to this bill.] Defendants are the heirs of Mrs. Oelrich and a purchaser under them (Breitenbucher), and claim under her.

The jury found for complainant. Defendants moved for a new trial on the following, among other grounds:

1. Because the court rejected, when offered in evidence to support the plea in bar, the record of the former suit of Oelrich and wife *vs.* Huge's administrator. The bill had no subpœna attached to it; there was an order to serve non-resident parties by publication, and notice was published; there was no regular service of bill and subpœna on anybody, and the administrator came into court only by voluntary answer. There were other irregularities which it is unnecessary to mention.]

2. Because the court held Breitenbucher an incompetent witness to prove that he was present at the trade which resulted in the making of the Huge deed; that it was agreed that fee simple titles to Mrs. Oelrich should be made, and that drawing the deed otherwise was a mistake. Breitenbucher was one of the defendants who held by purchase from the others. The purchase was subsequent to Huge's death.

3. Because the court rejected the evidence of witnesses Woolf, Bass and others to show a mistake in the terms of the deed.

4. Because the court rejected the evidence of witness Bass that Huge, after the making and delivery of the deed to

Oelrich and wife, said he had made a mistake in its terms, and promised to correct it by making a new deed to Mrs. Oelrich in fee simple.

5. Because the court admitted the evidence of witnesses Rhuman and Finger that Oelrich and wife, while in possession of the land, stated that after the death of Mrs. Oelrich, it would go to Mrs. Rhuman.

6. Because the finding was too large by half, it appearing that complainant had a sister. [A witness, George Rhuman, testified, without objection, that he was the son of complainant; that she and her sister were the nearest of kin to Oelrich; that his mother wrote to him from Europe that her sister died, and that she died without children.]

7. Because the court charged the jury that they must believe from the evidence, beyond a reasonable doubt, that the alleged mistake was committed before they would be authorized to find that such mistake was made in the execution of the deed.

8. Because the verdict was contrary to law and the evidence.

The motion was overruled, and defendants excepted.

M. A. BELL; GARTRELL & WRIGHT; N. J. HAMMOND, for plaintiffs in error, cited (on the points decided) as follows: *Res adjudicata,* Code, §§4185, 2897; 1 *Kelly,* 410; 3 *Ib.,* 23; 32 *Ga.,* 190. Breitenbucher competent, Code, §3854; 38 *Ga.,* 106; 39 *Ib.,* 479; 44 *Ib.,* 73; 45 *Ib.,* 25, 147, 416; 60 *Ib.,* 498, 582. Evidence as to conversations, Code, §§3771, 2657, 3773. Error in charge, Code, §§3117, 3749; 7 *Ga.,* 467.

T. P. WESTMORELAND; COLLIER & COLLIER, for defendant, cited as follows: Evidence of *res adjudicata,* Code, §§4183, 4185; 4 *Ga.,* 571; 12 *I b.,* 77; 19 *Ib.,* 501; 11 *Ib.,* 328, 431. Breitenbucher incompetent, Code, §3854; 58 *Ga.,* 288, 494; 59 *Ib.,* 180, and cases cited. Charge right, Code, §3117; 11 *Ga.,* 159; 29 *Ib.,* 166; 40 *Ib.,* 11; Code, §3124; 12 *Ga.,* 118.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants to obtain the possession of certain real estate in the city of Atlanta therein described, upon the allegations contained in said bill. On the trial of the case, the jury, under the evidence and charge of the court, found a verdict for the complainant. The defendants made a motion for a new trial on the grounds therein stated, which was overruled, and the defendants excepted.

The complainant claims title to the premises in dispute under a deed executed by Peter Huge on the 10th of February, 1871, by which the said Peter Huge conveyed the said premises to Catharine Oelrich during her natural life, and at her death to such child or children as she may have by her present husband, Peter Oelrich; and if she should die leaving no child or children by her present husband surviving her, then the title to vest in her said husband, Peter Oelrich; and if the said Peter Oelrich should die before his said wife, and the said Catharine should die leaving no child or children surviving her, then the title to vest in the next of kin of said Peter Oelrich. The complainant claims the premises sued for as the next of kin of Peter Oelrich, the said Peter having died on the 24th of January, 1877, without child or children, leaving his wife, Catharine, surviving him, who, on the 24th of March, 1877, also died, leaving no child or children.

1. There was no error in ruling out the record offered in evidence of what purported to be a former decree between the parties therein, inasmuch as there was no process of subpœna to the bill, nor any legal service thereof, and on account of other *irregularities*, which it is unnecessary to mention.

2. There was no error in ruling out the evidence of Breitenbucher, in view of the facts disclosed in the record, as to the alleged mistake in the deed of Peter Huge. It is true that the parties claiming under the conveyance of the

property from Peter Huge were both living, but the administrator of Peter Huge was not a party to the defendants' cross-bill, and no decree reforming the deed on account of the alleged mistake therein could have been made without making his administrator a party; and if he had been made a party as he ought to have been, then Breitenbucher would have been an incompetent witness under the statute, Peter Huge being dead.

3, 4. There was no error in ruling out the parol evidence of Woolf, Bass, and others, as to the terms of the deed, or as to the declararations of Peter Huge made after the execution and delivery of the deed, that there was a mistake in it.

5. There was no error in admitting the evidence of Rhuman and Finger as to the sayings of Oelrich and wife when they were in the possession of the property, that it would go to the plaintiff after the death of Mrs. Oelrich.

6. The evidence of George Rhuman as to the death of Rebecca Hanson, the other sister of Peter Oelrich, was admitted without objection, and the effect of that evidence was a question for the jury, who, by their verdict, must have believed it, as they found that the complainant was entitled to the whole of the property sued for.

7. The charge of the court, that the jury must believe from the evidence beyond a reasonable doubt that the alleged mistake in the deed was committed, is to be understood as applicable to the admission of parol evidence to show a mistake in a written contract, and to that extent it was not error.

In view of the facts as disclosed by the evidence in the record, there was no error in overruling the defendants' motion for a new trial.

Let the judgment of the court below be affirmed.