## 5805.  WATERS *v.* THE STATE.

WADE, J.  1. In an indictment for larceny after trust, one who at the time the property was entrusted to the defendant was lawfully in actual possession of it, and who at the time of the conversion was entitled to such possession, could properly be described as the owner thereof.  25 Cyc. 89.  See also *Markham* v. *State,* 25 *Ga.* 52; *Hall* v. *State,* 7 *Ga. App.* 115 (3), 119 (66 S. E. 390).  The property of goods stolen may be laid in a bailee from whom they were taken; for instance, in a common carrier (*Hall* v. *State,* supra), a receiver, a hirer or borrower, etc. 25 Cyc. 89-90, and cases there cited.

2. If one of joint owners is in possession or control of goods or money when stolen or converted, an indictment naming him alone as owner is good.  25 Cyc. 92, and cases cited.  Hence it was immaterial in the present case whether the person in possession of the money alleged to have been unlawfully converted had exclusive title to it or not.  The evidence shows that he was in sole, exclusive, actual, and legal possession and control thereof.  The exceptions to the charge of the court, embraced in the first and second grounds of the amendment to the motion for a new trial, are therefore without substantial merit.

3. It was not error for the court to fail to charge the jury that if they believed the defendant did appropriate the proceeds of the check to his own use wrongfully, yet if they further believed from the evidence that the prosecutor subsequently acquiesced therein, or if they had a reasonable doubt on that proposition, they should acquit.  The offense was against the public, and subsequent acquiescence of the prosecutor could not destroy the criminal element.  The owner's apparent acquiescence was a circumstance to be argued to the jury as tending to establish the contention of the defendant that the money in question was turned over to him for his own use and was in fact his own property, but this question has been foreclosed by the verdict of the jury finding to the contrary.

4. It is not within the power of this court to set aside a verdict of guilty, on the ground that the jury decided against the weight of evidence, where there is any evidence to show that the defendant committed the crime charged.  There are circumstances in this case which suggest doubts as to the defendant's guilt of the crime charged, but a jury of

the vicinage have resolved all such doubts against him; and the judgment of the jury is supreme where the material averments in an indictment are supported by evidence which they elect to believe. *Jolly* v. *State,* 5 *Ga. App.* 454 (63 S. E. 520).

*Judgment affirmed. Roan, J., absent.*

DECIDED OCTOBER 20, 1914.

Indictment for larceny after trust; from city court of Madison— Judge Anderson. May 2, 1914.

*E. H. George,* for plaintiff in error.

*A. G. Foster, solicitor,* contra

