### 6120. MITCHELL *v.* THE STATE.

BROYLES, J. 1. To authorize a conviction of a violation of the "labor-contract act" of 1903 (Penal Code, § 715), the evidence must show the procurement of money, or other thing of value, on a contract to perform services by the accused, with the intent to defraud, the failure to per-

form such services, or the failure to return the money or other thing of value, without good and sufficient cause, and loss or damage to the employer; but it is for the jury to find, from all the evidence in the case, including the statement of the accused, whether or not all these facts have been sufficiently established; and when their verdict has been approved by the trial judge, his judgment refusing to grant a new trial will not be reversed if there is *any* evidence to sustain it. *Mulkey* v. *State*, 1 *Ga. App.* 521 (57 S. E. 1022); *Patterson* v. *State*, 1 *Ga. App.* 789 (58 S. E. 284); *Fuller* v. *State*, 2 *Ga. App.* 696 (59 S. E. 1); *Porter* v. *State*, 7 *Ga. App.* 811 (68 S. E. 333).

2. The contract here, unlike those in the cases cited by plaintiff in error, appears to have been sufficiently definite. *Williams* v. *State*, 6 *Ga. App.* 154 (64 S. E. 492); *Lewis* v. *State*, ante, 405 (83 S. E. 439). The defendant treated. it as applying 'to a particular farm by going to work on that farm in pursuance of the contract. No question as to its sufficiency appears to have been raised at the trial, or is specifically raised in the record.

3. There is no merit in the objection that another person than the party contracted with acted as prosecutor. The accusation and the proof are in accord as to the fact that it was the employer who made the contract and who suffered the damage. *Patterson* v. *State*, 1 *Ga. App.* 782 (58 S. E. 284); *Fuller* v. *State*, 2 *Ga. App.* 696 (59 S. E. 1).

4. The fact that the accusation alleged an advance of $1, and the proof showed an advance of $1 and two plugs of tobacco (worth 15 cents a plug), is not a fatal variance between the allegata and the probata. *Groves* v. *State*, 76 *Ga.* 808; *Green* v. *State*, 114 *Ga.* 918 (41 S. E. 55); *Patterson* v. *State*, 122 *Ga.* 587 (50 S. E. 489).

5. The objection to the charge of the court is without merit; and besides, not being referred to in the brief of counsel for the plaintiff in error, it is treated as abandoned.

6. The evidence does not show that the prosecution was an effort to imprison for debt. As was said in *Young* v. *State*, 4 *Ga. App.* 827 (62 S. E. 558): "The fraudulent act of the promisor in procuring the money on his contract does more than make a debt; it also constitutes a crime; and the purpose of the act of 1903 . . is not to create a remedy for the collection of the debt, but to provide punishment for the fraudulent and successful intent to cheat and defraud." The fact, in the instant case, that the hirer was not the prosecutor goes to negative the contention that the prosecution was an effort to collect a debt.

7. There was some evidence to authorize the finding of the jury; and, to use the language in the dissenting opinion of Judge Russell, in *Bowles* v. *State*, 12 *Ga. App.* 17 (76 S. E. 594): "Though the amount involved was trivial, the verdict is not entirely unsupported by evidence indicating a fraudulent intent, and the trial judge did not, in refusing a new trial, abuse his discretion."          *Judgment affirmed.*

DECIDED FEBRUARY 6, 1915.

Accusation of misdemeanor; from city court of Dublin—Judge Hicks.   October 19, 1914.

*R. Earl Camp,* for plaintiff in error.

*George B. Davis, solicitor,* contra.