### 6380.  MATHIS *v.* THE STATE.

WADE, J.  1. The charge of the court touching the defense of insanity was, under the evidence, sufficiently clear and full, and there was no error in refusing to give the lengthy and somewhat argumentative instructions requested by counsel for the accused.

2. The court did not err in admitting the testimony setting up a confession alleged to have been made by the accused, since it appeared to have been freely and voluntarily made and not to have been induced by the slightest hope of reward or fear of punishment.

3. The court sufficiently instructed the jury as to the legal effect and value of the defendant's statement to the court and jury, and clearly advised them that they might "believe it in preference to the sworn testimony," or might "disregard it entirely," or "take it in consideration along with the testimony in the case; that is a question left entirely with the jury, to say what credit to give the statement."

4. There is no merit in the exception that the court erred in charging the jury that they might find the defendant guilty, if they believed from the evidence that he committed the crime charged against him in the accusation on the day therein alleged, "or within two years prior to the date of filing" the said accusation, notwithstanding that the accusation was filed on November 16, 1914, and the affidavit upon which the accusation was based was dated October 17, 1914, and alleged the commission of the crime on October 16, 1914, since all the proof showed

that the wire fencing alleged to have been stolen was actually taken and carried away on the 16th of October, 1914, and not at any date subsequent to the making of the affidavit and between the time when the affidavit was made and the accusation based thereon was filed in the court. No possible harm could have resulted to the defendant by this instruction, since, under the undisputed facts in the case the error was harmless. In *Shealey* v. *State*, 16 *Ga. App.* 191 (84 S. E. 839), it was held that one may not be convicted of a crime shown by the testimony to have been committed *after* the making of the affidavit on which the accusation was based. Here the evidence showed the commission of the crime prior to the date of the affidavit, and there was nothing to indicate the possibility that the crime was committed *after* the making of the affidavit.

5. The exception to the charge of the court on the question of sanity, that "it is confusing and hard to comprehend by a jury because of the redundacy of the language," appears to us to be without merit; and the further exception, that the charge on this subject "is not a full legal charge upon the question of sanity," can not be considered by this court, since the exception does not attempt to indicate wherein the charge complained of is defective, or to suggest the particular language or instruction necessary to make it "a full legal charge upon the question," which was omitted.

6. The evidence authorized the verdict, and, since the jury are the sole judges of all questions of fact, where there is evidence to sustain their finding it must be allowed to stand.        *Judgment affirmed.*

DECIDED MAY 17, 1915.

Accusation of larceny; from city court of Nashville—Judge Christian. January 20, 1915.

*Lovett & Story,* for plaintiff in error.

*J. H. Gary, solicitor,* contra.

