### PEAVEY *v.* THE STATE.

HILL, J. 1. "A prisoner is in jeopardy within the meaning of the constitution, and can not be tried again, when in a court competent jurisdiction, and upon a sufficient indictment, he has been arraigned, has pleaded, and the jury has been impaneled and sworn." 2 Enc. Dig. Ga. R. 152; *Newsom* v. *State*, 2 *Ga.* 60; *Reynolds* v. *State*, 3 *Ga.* 53; *Holt* v. *State*, 38 *Ga.* 187; *Nolan* v. *State*, 55 *Ga.* 521 (21 Am. R. 281); *Franklin* v. *State*, 85 *Ga.* 570 (11 S. E. 876); *Bryans* v. *State*, 34 *Ga.* 323.

(*a*) Applying the above principle to the facts of this case, the court did not err in allowing the solicitor-general to arraign the defendant, after the motion for mistrial was made, and after the jury had been impaneled and sworn, and after the State's counsel had read the indictment to the jury and stated his contentions of the case, over objection of defendant's counsel that the defendant had been put in jeopardy before he was arraigned and without the defendant having waived arraignment; nor because the court instructed the solicitor-general to swear the same jury again and read the indictment to the prisoner, and required him to enter his plea of not guilty. See Weaver *v.* State, 83 Ind. 289. Nor did the court err in refusing to declare a mistrial. Compare *Bryans* v. *State*, 34 *Ga.* 323; *Caswell* v. *State*, 27 *Ga. App.* 76 (107 S. E. 560). See *Reddick* v. *State*, 149 *Ga.* 822 (102 S. E. 347).

2. Where, on the trial of one charged with murder, after all the testimony had been introduced and two arguments by counsel had been made to

the jury and the court adjourned for the dinner hour, and after the jury had eaten dinner, all of them repaired to the court-house lawn and seated themselves under the trees in charge of the bailiff appointed by the court to take charge of the jury during the dinner hour; and where "the said jury was allowed to disperse, and the foreman of said jury, H. H. Wilson, and two other members of said jury, separated from the remainder of said jury in said case, and went in charge of John Brown [the bailiff appointed by the court to take charge of the jury] for a distance of about two city blocks through the business section of Eatonton, Georgia, to the postoffice," and "the remaining nine jurors were left in charge of one W. H. Bonner, who was the solicitor-general's bailiff appointed to attend and wait upon said solicitor-general during the term of said court, said Bonner not having been placed in charge of said jury by the court and had no right to be with said jury or to be in charge of any portion of them;" and where the foreman of the jury and the other two jurors who went with him to the post-office, and both bailiffs, testified by affidavits that during the five or ten minutes separation of the jury the case was not discussed by them or either of them, and no mention of the case was heard by them from any source, such temporary separation on the part of the three jurors, in the light of exculpatory affidavits, will not require a reversal of the judgment. *Daniel* v. *State*, 56 *Ga.* 653; *Fitzpatrick* v. *State*, 149 *Ga.* 75 (6), 82 (99 S. E. 128).

3. The evidence in the case authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*

No. 2768. MARCH 18, 1922.

Indictment for murder. Before Judge Park. Putnam superior court. July 10, 1921.

*G. B. Callaway* and *J. B. Duke,* for plaintiff in error.

*George M. Napier, attorney-general, Doyle Campbell, solicitor-general, Seward M. Smith, asst. atty.-gen.,* and *A. Y. Clement,* contra.