20308. ROBERTS *v.* THE STATE.

DECIDED APRIL 16, 1930.

*Henry L. Barnett, T. H. Lang,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

BROYLES, C. J. 1. The grounds of the motion for a new trial are expressly abandoned in the brief of counsel for the plaintiff in error.

2. The accused was convicted of being drunk upon a public highway. The evidence also authorized a finding that while so drunk he had damaged the automobile of one A. T. Bentley. The

judge imposed the following written sentence: "It is adjudged by the court that Ernest Roberts [the defendant] do pay within three days a fine of twenty-five dollars and all the costs of this prosecution and serve 12 months in the chain-gang, but to be served outside the chain-gang conditioned upon his paying to A. T. Bentley the sum of $50.00 for damages to his automobile, and conditioned upon his good behavior, and then be discharged; or in default of such payment, that said defendant do work in the chain-gang on the public works, or in such other works as the lawful authorities may employ the chain-gang, for and during the full term of 4 months, and thereafter serve 8 months outside chain-gang on above terms, and then be discharged. And it is further ordered that this sentence begin and be counted from the time of the reception of said defendant in the chain-gang under this order and judgment. The defendant may be discharged at any time upon payment of said fine and costs. Sentence pronounced and signed, this 2 day of September, 1929. C. C. Pittman, J. S. C. C. C." The defendant, on November 27, 1929, filed a written motion to set aside and vacate the portion of the sentence requiring him to pay to A. T. Bentley the sum of fifty dollars for damage to Bentley's automobile. Upon the hearing of the motion the judge refused to issue a rule nisi, and to that judgment the defendant excepted. Under the ruling in *Swanson* v. *State,* 38 *Ga. App.* 386 (2), 387 (144 S. E. 49), the judgment excepted to in the instant case was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*