(No. 22637.—

IN RE PETER A. GROSSO, Attorney, Respondent.

*Opinion filed February 15, 1935.*

ALFRED BECK, *amicus curiæ.*

TOLMAN, CHANDLER & DICKINSON, (HENRY P. CHAND-
LER, of counsel,) for respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

This proceeding concerns the conduct of respondent, Peter A. Grosso, an attorney at law in this State. The complaint against him and the report of the board of managers of the Chicago Bar Association arise out of the following facts, none of which are in controversy:

Respondent, Grosso, and John R. Richard and John Zukowski, in July, 1932, successfully passed the examination for admission to practice law. The committee on character and fitness for admission to the bar approved their applications. Respondent was certified to this court and was admitted to the bar of Illinois in October, 1932. Shortly before that term of this court the committee on character and fitness received notice that in a suit pending in the superior court of Cook county, entitled Mary

Kowalczyk *vs.* Mitchea Kupiszewski, a general and special demurrer had been filed which purported to be filed by Stephen Bzdek, a duly licensed attorney admitted to practice June 16, 1932. In compliance with the rules of the superior court the demurrer was accompanied by an affidavit, purporting to be the affidavit of Bzdek, concerning the merits of the demurrer. This purported affidavit appeared to have been signed by Bzdek before Joseph G. Keller, a notary public. In truth, Bzdek did not sign the demurrer and his name was forged thereto, as was the notarial certificate. Keller, the notary public whose name appears, died some years prior to these events. When it was discovered that Bzdek did not sign the affidavit, the certificate of approval of Richard and Zukowski was withheld and an investigation conducted concerning the matter, resulting in this complaint against respondent. On April 8, 1933, respondent appeared before the committee on character and fitness and denied knowing anything about the case in which the demurrer was filed; denied that he ever saw the demurrer; that any of the handwriting appearing thereon was his; that he ever had a relative by the name of Joseph G. Keller, or that he had Keller's notarial seal. He also denied that he ever discussed the case with Richard or Zukowski. Four days thereafter he again appeared before the committee, accompanied by one of the attorneys with whom he was associated, and admitted that all that he testified to before the committee on April 8 was false. He admitted that he had prepared the demurrer and caused his brother to sign Bzdek's name and attached the seal thereto. He also admitted that he knew Keller was his uncle and that he had been dead a number of years. The excuse which he gave for drafting and filing the demurrer was, that Richard and Zukowski were going away on a vacation and requested him to sign the demurrer and that Zukowski requested him to sign Bzdek's name thereto. He denied that he was trying to shield Richard as against

Zukowski. The committee found, notwithstanding his admissions, that part of this testimony was false, and that he was trying to shield Richard and to cast the blame on Zukowski. Evidence on this complaint was heard before the grievance committee of these facts, and a number of witnesses testified that respondent's reputation for honesty, trustworthiness and integrity was good.

As we have indicated, there is no denial of this charge. In support of a plea for leniency, respondent's counsel urge that, notwithstanding his reprehensible conduct, this court should take into consideration the fact of his youth, he being of the age of twenty-three years, and also the evidence as to his reliability and trustworthiness. Cases are cited in which this court has held that the ends of justice, under the circumstances there disclosed, were satisfied by suspension of the attorneys rather than disbarment, where their conduct had otherwise been beyond reproach. Cases of this character must rest upon their own facts and little is to be gained in reviewing other cases. The dereliction in this case is the more serious because of the attitude of respondent when the matter of the demurrer and its verification were under investigation. Though he stated in his examination before the committee on character and fitness on the 8th of April that he appreciated the gravity of falsifying records and forging the name of other counsel thereto, he nevertheless made a false statement before the committee, and on his re-appearance sought to blame Zukowski instead of Richard, although it was in nowise Zukowski's duty to prepare the pleadings to be filed in that suit but was Richard's duty. It is evident that the respondent in his second appearance before the committee was not truthful but knowingly so framed his statement as to do a serious wrong to Zukowski.

If the complaint of respondent's conduct were confined to his action in drafting and filing the demurrer more force might be accorded to the argument that owing to his

youth and lack of experience he did not appreciate the gravity of what he did. It is the judgment of this court that respondent be suspended from the practice of law for a period of two years from the date of the filing of this opinion.

*Respondent suspended.*