20814.  GORDON *et al.* v. CLINKSCALES.

ARGUED MARCH 14, 1960—DECIDED APRIL 7, 1960.

*John A. Darsey, Jack S. Davidson, Nat Hancock, T. T. Benton, E. C. Stark, Jas. Horace Wood, J. N. Rainey, R. F. Duncan, Hope D. Stark, H. W. Davis,* for plaintiffs in error.

*J. Ray Merritt, Hoke Smith, Hamilton Lokey, M. K. Pentecost,* contra.

*Glyndon C. Pruitt, Richard Craig, W. P. Wilbanks, Jr., Dudley S. Hancock, Otis N. Pharr, H. Rhodes Jordan, D. B. Phillips, E. L. Owens, E. O. Dobbs, Jr.,* amicus curiae.

DUCKWORTH, Chief Justice. ■ Headnotes 1, 2, and 3 require no elaboration.

■ The supreme importance of this case will be seen when it is observed that it reaches the heart of the legal profession as well as the integrity and independence of our judiciary. One would fail to correctly evaluate his own freedom if he were indifferent to either the integrity and honesty of those who practice law or those who sit as judges of our courts, or the protection of judges who must decide controversies against harrassment, threat, or intimidation in the discharge of judicial duties. This decision will fall short of soundness if it fails to deal fearlessly yet fairly with the issues which involve the foregoing. That a lawyer is also a judge of the superior court and hence a constitutional officer (Code § 2-3801), and must have practiced law seven years at the time of his election (Code § 2-4801), and by statute (Code § 24-2607) is prohibited from practicing law while serving as judge, does not mean that, since he can be removed by impeachment from the office as judge (Code §§ 2-1703, 2-1803), he can not at the same time be disbarred and his license to practice law canceled as provided in Chapter 9-5 of the Code. The two proceedings are provided for the accomplishment of entirely different results. The one is solely to remove from a public office, and the other is solely to cancel a license to practice law. Full relief afforded by either procedure leaves the other unaffected. Each must be pursued to accomplish the result which it is intended to accomplish. "The right to practice law is not a natural or constitutional right, nor an absolute right or a right de jure, but is a privilege or franchise." 7 C. J. S. 708, § 4 b. In Georgia this privilege is obtained by proof of good character and

a knowledge of the law, and an oath that he will justly and uprightly demean himself and uphold the Constitution and laws of this State and the United States. Code Title 9.

It would be illogical and unreasonable for the State to thus regard good character so highly at a time when the applicant could not practice law until a license would issue only upon proof of its existence, then cease to value good character after the license issues and one is thereby enabled to work mischief which want of such character would dictate. Indeed what would defeat the grant of the license is enough to require its cancellation. "Any conduct which would preclude the admission of an applicant to the bar will justify his disbarment after he is admitted; among other things a want of good moral character (infra, § 20), insanity or ignorance of the law." 7 C. J. S. 734, § 19. Sustaining the foregoing rule are decisions of our Court of Appeals in *Wood* v. *State,* 45 *Ga. App.* 783 (165 S. E. 908); *Williford* v. *State,* 56 *Ga. App.* 840 (194 S. E. 384). The relation of courts and attorneys to the people is one of high responsibility, involving complete trust and confidence and absolute fidelity to integrity. We know of no sound reason why the courts must allow lawyers, solely because of their position or business, including judges of the courts, to retain their licenses despite their conduct which would disbar other lawyers. We therefore hold that, irrespective of whether one is engaged in the practice of law, or activities disconnected with the practice, including judge of the superior court, his license will be canceled for conduct that would constitute grounds for disbarment of any attorney. "An attorney does not hold an office or public trust, in the constitutional or statutory sense of that term, but is an officer of the court. He is, however, in a sense an officer of the State, with an obligation to the courts and to the public no less significant than his obligation to his clients. The office of attorney is indispensable to the administration of justice and is intimate and peculiar in its relation to, and vital to the well-being of, the court." 7 C. J. S. 706, § 4 a. It should therefore be kept constantly in mind that disbarring a lawyer while he is also a judge in no remote degree removes him from his judicial office, but merely removes him from his position as an attorney. "It is a generally recognized rule that an attorney may be suspended or disbarred for misconduct unconnected

with his professional duties while acting in an official capacity. Thus, conduct of an attorney in the exercise of a judicial office clearly revealing moral delinquency . . . are sufficient to justify disbarment. . ." 5 Am. Jur. 428, § 278. To this same effect, we find in 7 C. J. S. 757, § 23 g, the following statement: "A constitutional provision relating to the removal of judges of the supreme or circuit courts has been held inapplicable in determining the power of the court to disbar a member of the bar who is also a judge of the superior court." We have read decisions of courts which hold that a judge can not be disbarred. They include In Re Proposed Disciplinary Action, 103 So.2d 632 (Florida), In Re Colorado Bar Asociation, 137 Colo. 357 (325 P. 2d 932), In Re Meraux, 202 La. 736 (12 So. 2d 798), and perhaps a few others. They are clearly in the minority, and we believe them unsound. The primary basis of the minority decisions is that to permit disbarment of a judge would constitute intimidation and would impair the perfect freedom and independence essential to worthy judicial service. We hold that a judge can not be disbarred for any official act dictated by his understanding of the law, irrespective of how erroneous his judgment might be. In order to make his conduct in office a valid ground for disbarment, it must be clearly and specifically alleged and proved that such conduct resulted solely from dishonorable or improper motive and was not thought by him to be his duty and within his authority. This being the rule, no honest judge could ever be disbarred for official acts no matter how erroneous they might be. We hold that want of knowledge, unsound judgment, or bias and prejudice upon the part of a judge in his official acts constitute no grounds for disbarring him. That there may never be any misconstruction of this ruling, we hold further that his official acts, even showing they are contrary to law and biased or prejudiced, constitute no evidence, even circumstantial, of corruption or dishonesty in a disbarment proceeding against him, and therefore must not be allowed either in pleadings or evidence.

On the other hand if the minority rule is followed, a lawyer may be guilty of all manner of dishonest conduct while serving as judge, and in the meantime hold his license which is the equivalent of an endorsement by this State of his character and ability. Though, as the trial judge pointed out, Code § 24-2607 prevents

his practicing law, there is nothing to prevent his using his license as a basis upon which to procure a license by comity in the majority of the States as well as the Federal courts, including the Supreme Court, to practice law in those jurisdictions. Also, while holding a license to practice law, even though not engaged in the practice, indecent behavior by any attorney would be "a nuisance to the court, his brother members of the bar, or the public." Code § 9-501 (4). No sound reason can be given for allowing such unhappy consequences when disbarment can avoid them. No doubt his license could lead employers outside the law to place him in positions of trust which his character would not warrant. Can this State be indifferent to undeserved favors from others in the foregoing respects and disclaim responsibility therefor, when it has the power to withdraw its license when the holder proves unworthy thereof? To allow the position or work of one holding a license to practice law to affect whether or not the license shall be canceled for conduct justifying such cancellation is in our opinion to erroneously conceive the purpose and meaning of requiring a license to practice law.

We therefore hold that the respondent as a licensed attorney is subject to disbarment under Code Ch. 9-5, and his being judge of the superior court in no wise constitutes a legal reason for not disbarring him.

■ Although the foregoing ruling reverses the ground upon which the trial judge expressly based his judgment in dismissing the petition to disbar, and although no ruling has been made upon the demurrers, yet if the judgment of dismissal is correct for any reason, including absence of allegations of grounds that would warrant disbarment, we would not reverse the same. *Summerlin* v. *Hesterly*, 20 *Ga.* 689 (65 Am. Dec. 639) ; *Guffin* v. *Kelly*, 191 *Ga.* 880, 890 (14 S. E. 2d 50) ; *Todd* v. *Morgan*, 215 *Ga.* 220 (109 S. E. 2d 803). Therefore, we must determine if there are allegations that would authorize disbarment. In making such ruling, however, we do not attempt to point out all allegations that might withstand a demurrer, but only enough of such allegations to show that a cause of action is alleged. It will remain for the trial court to rule upon all of the demurrers in conformity with the rulings in this and the preceding division of this opinion. "Not every criminal act will justify a disbarment, es-

pecially where the act is one that may be committed without involving bad moral character with respect to the duties of the attorney's profession, or where he commits some discreditable act, or where, notwithstanding the commission of some discreditable act, it may be fairly inferred that the attorney's moral character is not such as will lead him to an abuse of the privileges of his profession or a disregard of his duties either to the court or his client." 5 Am. Jur. 429, § 279. Our ruling in the preceding division of this opinion renders all grounds of the petition to disbar, based upon rulings and actions of the respondent in cases referred to in such grounds, clearly insufficient to constitute grounds for disbarment in the absence of clear allegations of facts therein that such rulings were the result of corrupt and improper consideration rather than the exercise of judicial judgment, however erroneous that judgment might have been.

But grounds for disbarment are stated where it is alleged that the respondent proposed to a named person to furnish him protection in the operation of a business upon the payment of $10,000 cash and $500 per month; also wherein it is alleged that the respondent witnessed the action of one Marvin Pierce, an attorney, in drawing in the name of the solicitor-general, in his absence and without his knowledge or consent, a criminal accusation, and thereupon accepted a plea of guilty by the accused and imposed a suspended sentence. The wrong here authorizes disbarment for using the name of another without authority which is the equivalent of forgery. Using the name of another attorney is ground for disbarment. In Re Grosso, 359 Ill. 243 (194 N. E. 514).

We find enough in the dismissed petition to warrant disbarment, if sustained by competent evidence, and accordingly hold that it was reversible error to dismiss the petition.

*Judgment reversed. Judge Anderson and all the other participating Justices concur.*