### 44113. YARBROUGH v. THE STATE.

EBERHARDT, Judge. J. W. Yarbrough was indicted in Bartow County for the offense of forging a warranty deed. When the case was called for trial February 2, 1968, he entered

his plea of nolo contendere and was sentenced to a term of 12 months, to be served on probation, however, provided the defendant did not violate any criminal laws of any governmental unit during the probationary period, should comply with the probation order entered on the same date and further provided that he was suspended from engaging in the practice of law for a period of 12 months beginning April 15, 1968.

On the same date a probationary order was entered which included the ten mandatory conditions of *Code Ann.* § 27-2711 (Ga. L. 1956, p. 27; 1958, p. 15; 1965, p. 413) and in addition, as a special condition provided that the defendant "shall not engage in the practice of law in the courts of the Cherokee Judicial Circuit and all other courts in and of the State of Georgia for a period of one year from April 15, 1968."

On August 26, after expiration of the term at which the sentence and probation order were entered, the defendant filed his motion in arrest of the judgment on the ground that the court had been without power to include the suspension of the right to practice law as a part of the sentence and upon numerous other grounds, all of which refer to matters which do not appear on the face of the record.

After hearing on the motion, the sentence was amended to strike therefrom the provision prohibiting the practice of law by the defendant, but the probation order was allowed to stand, and from that order the defendant appeals. *Held:*

1. Enumerations of error which do not relate to unamendable defects appearing on the face of the record show no ground for reversal. *Code* § 27-1601; *Smith v. State,* 17 Ga. App. 612 (1) (87 SE 846).

2. Even if it be held that the inclusion of a suspension of the right to practice law as a part of the sentence was unauthorized, it would not render the whole sentence invalid, but only the unauthorized portion. *Nelson v. State,* 87 Ga. App. 644 (75 SE2d 39).

" 'The right to practice law is not a natural or constitutional right, nor an absolute right or a right de jure, but is a privilege or franchise.' 7 CJS 708, § 4b." *Gordon v. Clinkscales,* 215 Ga. 843, 845 (114 SE2d 15). Thus, disbarment or suspension from the practice would not appear to be a "civil

disqualification" imposed as a punishment, but an action taken by the court to protect itself from having as one of its officers one who has demonstrated a manifest unsuitability therefor, and to protect from imposition by him upon an unsuspecting public. For authority of the court to disbar or to suspend see *Wood v. State,* 45 Ga. App. 783 (165 SE 908); *Payne v. State,* 52 Ga. App. 425 (2) (183 SE 638); *DeKrasner v. Boykin,* 54 Ga. App. 29 (186 SE 701); *Williford v. State,* 56 Ga. App. 840 (194 SE 384); *Thomas v. State,* 87 Ga. App. 765, 768 (75 SE2d 193). It may be done for grounds or reasons other than those provided by statute, and the power to do so is not limited to or dependent upon instances of *conviction* of any offense, as the suspension or revocation of a driver's license was in *Nelson v. State,* 87 Ga. App. 646, supra. See *Code Ann.* § 92A-9908. However, the order amending the sentence to remove the unauthorized portion could not have been harmful to the defendant; it was a proper procedure. *King v. State,* 103 Ga. App. 272 (3) (119 SE2d 77).

Enumerations of error as to the refusal or failure of the court to set aside the whole of the sentence are without merit.

3. The probation order did not exceed the power or authority of the court because of the inclusion of the condition that the defendant not engage in the practice of law for a period of one year from April 15, 1968. This was within the sound discretion of the court in probating the sentence. *George v. State,* 99 Ga. App. 892, 893 (109 SE2d 883); *Gay v. State,* 101 Ga. App. 225 (1) (113 SE2d 223). And see *Swanson v. State,* 38 Ga. App. 386, 387 (144 SE 49); *Roberts v. State,* 41 Ga. App. 364 (152 SE 921); *Davis v. State,* 53 Ga. App. 325, 329 (185 SE 400); *Johnson v. State,* 69 Ga. App. 377 (25 SE2d 584). Perhaps the judge viewed the suspension as being in the nature of a civil disqualification, a view most favorable to the defendant, and in that light it was properly placed and left in the order of probation, as was authorized under *Code Ann.* §§ 27-2709 and 27-2711. Enumerations of error urging error in this respect are without merit.

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 8, 1969—DECIDED JANUARY 15, 1969.

*J. W. Yarbrough, J. Paxson Amis, R. J. Brown,* for appellant.
*Jere F. White, Solicitor General,* for appellee.
*H. E. Kinney, Alexander Cocalis, Mallory C. Atkinson,* amicus curiae.