44461. CUSHWAY v. STATE BAR OF GEORGIA.

Argued May 5, 1969—Decided September 4, 1969—
Rehearing denied September 24, 1969—

*Thomas H. Antonion,* for appellant.
*Mallory C. Atkinson, Alexander Cocalis,* for appellee.

EBERHARDT, Judge. While constitutional issues were raised in certain of the exceptions which appellant filed in the trial court to the recommendations of the Disciplinary Board of the State Bar of Georgia, none are raised in the enumerations of error filed in this court and appellant asserts in his brief that "no constitutional question is presented." The appeal is, therefore, properly before this court.

1. It was not error either to disallow the amendments to the exception to the report of the State Disciplinary Board or to deny an extension of time for the filing of additional exceptions beyond the time for filing prescribed by the rules. *State Bar of Ga. v. Ellis,* 116 Ga. App. 721 (4) (158 SE2d 280).

2. Although under Rule 4-215(f) the burden of proof lies with the State Bar in establishing the charges made before the Grievance Tribunal or before the Disciplinary Board, and the quantum of proof required is that which establishes the charge "beyond a reasonable doubt," when the findings and report of the board are on judicial review before the superior court, they may, under Rule 4-213, be sustained if supported by any evidence. In its order of disbarment the court recited that there was some evidence to sustain the findings, and we find no error.

Under the rules of the State Bar the Grievance Tribunals and the Disciplinary Board are composed of members of the State Bar. Absent a clear and convincing showing to the contrary, it is to be presumed that those who served on the tribunals and on the board were familiar with the rules under which disciplinary action is instituted and tried against a member, including the quantum of proof required for the establishment of charges, and that they, as well as the judge of the superior court, followed and applied the rules in the performance of their duties. Cf. *Gardner v. State,* 117 Ga. App. 262, 265 (160 SE2d 271). As to the meaning of proof "beyond a reasonable doubt" in civil proceedings, see *Schnell v. Toomer,* 56 Ga. 168 (3).

An analogous situation is in a review of the findings of fact by the Board of Workmen's Compensation, "The finding of that body upon the facts can not be reviewed in the superior court, if there is evidence to support its finding. Such finding

can not be reviewed in the appellate court." *Maryland Cas. Co. v. England,* 160 Ga. 810, 812 (129 SE 75). Another is the consideration on appeal of a criminal conviction, as to which, see *Waters v. State,* 15 Ga. App. 342 (83 SE 200); *Mitchell v. State,* 15 Ga. App. 803 (7) (84 SE 205); *Mathis v. State,* 16 Ga. App. 381 (6) (85 SE 352); *Williams v. State,* 17 Ga. App: 724 (88 SE 215).

3. There is no double jeopardy as to Counts 1 and 2 or as to Counts 3 and 4. The only sanction imposed is that provided in the recommendations of the tribunal and the board as to Count 3, disbarment. The order specifically provides that the imposition of all other sanctions recommended is suspended.

This proceeding is not a criminal one. *City of Atlanta v. Stallings,* 198 Ga. 510 (32 SE2d 256); *Gordon v. Clinkscales,* 215 Ga. 843 (2) (114 SE2d 15); *State of Ga. v. Walker,* 88 Ga. App. 413 (76 SE2d 852). It is "an action taken by the court to protect itself from having as one of its officers one who has demonstrated a manifest unsuitability therefor, and to protect from imposition by him upon an unsuspecting public." *Yarbrough v. State,* 119 Ga. App. 46, 48 (166 SE2d 35). Appellant is not placed in jeopardy of life or liberty. The power of the Grievance Tribunal was limited to making finding of fact and recommendations to the court as to appropriate sanctions, and the power of the court was limited to reprimanding, suspending or disbarring. A matter is criminal only if imprisonment or the assessment of a fine may follow conviction. "A prisoner is in jeopardy within the meaning of the Constitution, and can not be tried again, when in a court of competent jurisdiction, and upon a sufficient indictment, he has been arraigned, has pleaded, and the jury has been impaneled and sworn." *Peavey v. State,* 153 Ga. 119 (1) (111 SE 420). "Jeopardy," in its constitutional and common law sense, has a strict application to criminal prosecutions only. Yoder v. State, 66 Okl. Crim. 178 (90 P2d 669); Ex parte Lewis, 152 Kan. 193 (102 P2d 981); People v. Carver, 174 Misc. 325 (20 NYS2d 533). Only actions intended to authorize criminal punishment, as distinguished from remedial actions, subject the defendant to "jeopardy." "[T]he double jeopardy clause prohibits merely punishing twice, or at-

tempting a second time to punish criminally, for the same offense. The question . . . is thus whether [the statute in question] imposes a criminal sanction." United States v. Hess, 317 U. S. 537, 549 (63 SC 379, 87 LE 443). And see Helvering v. Mitchell, 303 U. S. 391 (58 SC 630, 82 LE 917) to the same effect. In the Hess case a qui tam action was brought on behalf on the Government to invoke a forfeiture and damages in consequence of a fraudulent claim which Hess had made against the Government and for which he had already been indicted and fined.

The sanctions in a disbarment proceeding are not criminal in nature.

The requirement of proof beyond a reasonable doubt by Rule 4-215 (f) does not convert the proceeding into a criminal one. There are other instances where that quantum of proof is required in civil actions. See, e.g., *Durham v. Holeman,* 30 Ga. 619 (7); *Muller v. Rhuman,* 62 Ga. 332 (7); *Beall v. Clark,* 71 Ga. 818 (3); *Conley v. Thornton,* 81 Ga. 154 (1) (7 SE 127); *Adkins v. Flagg,* 147 Ga. 136 (1a) (93 SE 92); *Crosby v. Higgs,* 181 Ga. 314 (182 SE 10). But, as the Supreme Court asserted in *Schnell v. Toomer,* 56 Ga. 168 (3), supra, "The exclusion of reasonable doubt, in some civil cases, as held requisite in 11 Ga. 160, and 30 Ga. 619, means no more than that the jury [or trior of fact] must be clearly satisfied," and further that "[t]here is certainly a difference in the strength of conviction required by the law in the two classes of cases." P. 170.

A lawyer does not have a vested interest in his status as a member of the State Bar of Georgia. "The right to practice law is not a natural or constitutional right, nor an absolute right or a right de jure, but is a privilege or franchise." 7 CJS 708, Attorney and Client, § 4 b, quoted approvingly in *Gordon v. Clinkscales,* 215 Ga. 843, 845, supra. "It has never been the law of this State that a lawyer holds an irrevocable license to practice law . . . The State Bar Act does not deprive the [appellant] of his freedom of contract, conscience, speech, and liberty, or deprive him of his property without due process of law." *Sams v. Olah,* 225 Ga. 497, 504 (169 SE2d 790).

Nor does the procedure for disciplining a member of the State Bar, as provided in the rules prescribed by the Supreme Court and followed in this case deprive him of these rights.

None of the enumerations of error is meritorious, and the judgment is

*Affirmed. Bell, P. J., Jordan, P. J., Hall, Pannell Deen, Quillian and Whitman, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. As I understand the record, Mr. Cushway was charged by his client with charging an exhorbitant fee. The only evidence of that fact is the opinion of the client that it was exhorbitant. The evidence, in my opinion, renders the conclusion that the fee was immorally exhorbitant very, very doubtful.

As to the fact that in rendering his account Mr. Cushway reported $497.72 paid to creditors was more than was actually paid, the error in reporting the excess paid to creditors was a miscalculation. What the attorney meant by the accounting was that he had paid out so much money and had so much money left in his hands and that he wrote a check for the balance to himself as a fee for services rendered. *The attorney had authority from his client to issue a check to himself for his fee.* The charge made against the attorney is simply that the amount of fee was unconscionably excessive. I do not think that the evidence authorizes the finding that the attorney stole the $497.72 and that the fee charged, which included the $497.72, was morally excessive. The mere opinion of the client, as against the record in this case, is simply insufficient to warrant the disbarment of the attorney in this case. This is especially true when the quantum of proof, as held by the majority, is evidence beyond a reasonable doubt. There is no assurance in this case that the proceedings were held under this theory. The rule on the subject is contradictory, in my opinion, and a presumption that the judge correctly interpreted the rule is unwarranted. Since there was no jury and no charge to a jury, the record should have shown whether the case was tried under a mere any-evidence rule or the correct rule, any evidence beyond a reasonable doubt. There is quite a difference. It is unfortunate. that the evidence is not set out in more detail.

As to the other sanctions it is my opinion that the rules should not be held to impose two sanctions for the same identical conduct. Think what untoward injustice that could lead to.