**STATE of Tennessee, Plaintiff-Appellee,**

v.

**Reginald L. CONLEY,
Defendant-Appellant.**

Supreme Court of Tennessee.

Sept. 27, 1982.

Jennifer Helton Small, Asst. Atty. Gen. (William M. Leech, Jr., Atty. Gen., Nashville, of counsel), for plaintiff-appellee.

Phillip E. Kuhn, Memphis, for defendant-appellant.

## OPINION

BROCK, Justice.

This is a proceeding by the State to have the defendant Conley declared to be an "habitual offender" under the Motor Vehicle Habitual Offenders Act, T.C.A., §§ 55–10–601–55–10–617, and to have the defendant "barred from operating a motor vehicle upon the highways of this state," as provided by T.C.A., § 55–10–613.

The case was submitted to the Court upon a stipulation of facts, without the introduction of evidence, and resulted in a judgment of the court that "Petition . . . is GRANTED. License surrendered and returned to Nashville. . . ."

The petition and the judgment of the trial court were based upon the following stipulated facts as stated in the petition:

"That the defendant, Reginald L. Conley, was convicted of the following offenses:

"1. Leaving the Scene of an Accident, conviction entered April 5, 1978, in Division I of city court of Memphis, Tennessee.

"2. Driving While Under the Influence of an Intoxicant, conviction entered March 3, 1980, in Division VIII of city court of Memphis, Tennessee.

"3. Driving While Under the Influence of an Intoxicant, conviction entered March 3, 1980, in general sessions Court of Shelby County, Tennessee.

"4. Driving While Under the Influence of an Intoxicant, conviction entered March 3, 1980, in Division VIII of city court of Memphis, Tennessee.

## II

"That all convictions herein enumerated result from offenses committed on different days after April 5, 1974, and that all convictions herein enumerated were entered upon the record of the court of original jurisdiction within a three year period, or are the result of offenses committed within a three year period commencing with the entry of judgment upon the record of the court of original jurisdiction of the conviction of earliest date above mentioned."

The defendant asserted in the trial court and reasserts here that the state and federal constitutional protections against double jeopardy prevent the taking of his driver's license in the instant proceeding because the above mentioned convictions for driving while under the influence of an intoxicant resulted in his driver's license being suspended for an indefinite period of time pursuant to T.C.A., §§ 55–7–112 and 55–7–113.

We hold that the double jeopardy defense is not thus available to the defendant in this case. Both the state and federal constitutions provide that no person shall, for the same offense, "be twice put in jeopardy of life or limb." Constitution of the United States, Fifth Amendment; Constitution of Tennessee, Article I, Section 10. These double jeopardy clauses protect one from being twice punished by the state for the same criminal offense. The "punishment" which may not be imposed a second time consists of the deprivation of the liberty of the person or the imposition of a fine when such punishment is inflicted for the purpose of vindicating public justice. *Helvering v. Mitchell,* 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938); *Metropolitan Government of Nashville and Davidson County v. Miles,* Tenn., 524 S.W.2d 656 (1975); *Cushway v. State Bar,* 120 Ga.App. 371, 170 S.E.2d 732, 735–36 (1969); *Pennywell v. McCarrey,* 255 F.2d 735, 17 Alaska 580 (9th Cir. 1958); *Ex Parte Lange,* 85 U.S. 163, 168–169, 18 Wall. 163, 21 L.Ed. 872, 877, 878 (1874); *State v. Jackson,* Tenn., 503 S.W.2d 185 (1973).

But, not every deprivation visited upon one who violates the state's laws is to be considered "punishment" for purposes of applying the double jeopardy clause. Thus, it is recognized in *Helvering v. Mitchell, supra,* that the double jeopardy clause did not prevent a second action that is "remedial in nature" and not intended to have the effect of inflicting "punishment" upon the individual in order to vindicate public justice. The Georgia Court of Appeals reached a similar conclusion in *Cushway v. State Bar, supra,* and employed language which we adopted in *Metropolitan Government of Nashville and Davidson County v. Miles, supra,* as follows:

"A matter is criminal only if imprisonment or the assessment of a fine may follow conviction. . . . Only actions intended to authorize criminal punishment as distinguished from remedial actions subject the defendant to 'jeopardy.'

'[T]he double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense....'" 170 S.E.2d 732, 735–36.

This Court recognized in *Goats v. State,* 211 Tenn. 249, 253, 364 S.W.2d 889, 891 (1963) that the revocation of a driver's license because of a violation of the statutes governing the conduct of motor vehicle operators was not punishment for a criminal act but, instead, was the revocation of a privilege of one who had demonstrated that it was unsafe for him to continue to operate motor vehicles upon the highways of the state.

Section 2 of the "Motor Vehicle Habitual Offenders Act" declares:

"Public Policy.—It is hereby declared to be the policy of this state:

"(1) To provide maximum safety for all persons who travel or otherwise use the public highways of the state, and

"(2) To deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of the state, and

"(3) To discourage repetition of unlawful acts by individuals against the peace and dignity of this state and its political subdivisions, and to impose the added deprivation of the privilege of operating motor vehicles upon habitual offenders who have been convicted repeatedly of violations of laws involving the operation of motor vehicles."

We think it clear from this Section and other provisions of the Act that the revocation of all driving privileges of one declared to be an habitual offender under the Act is nothing more than the deprivation of a privilege, is "remedial in nature," and is not intended to have the effect of imposing "punishment" in order to vindicate public justice. Consequently, the instant proceeding to have the defendant declared to be an habitual offender and to have his driving privileges revoked does not subject him to double jeopardy. We note that other courts considering this issue have reached a like conclusion. *State v. Bowles,* 113 N.H. 571, 311 A.2d 300 (1973); *State v. Carlisle,* 285 N.C. 229, 204 S.E.2d 15 (1974); *Barnes v. Tofany,* 261 N.E.2d 617, 27 N.Y.2d 74, 313 N.Y.S.2d 690 (1970); *State v. Sinner,* N.D., 207 N.W.2d 495, 60 A.L.R.3d 350 (1973); 22 C.J.S. *Criminal Law* § 240 (1961).

Finding no error, we affirm the judgment of the trial court. Costs incurred on appeal are charged against the appellant and surety.

FONES, C. J., and COOPER, HARBISON and DROWOTA, JJ., concur.