PAGE G. STUART,                           )
                                          )
          Petitioner/Appellant,           )
                                          )     Davidson Chancery
                                          )     No.  94-1936-I
VS.                                       )
                                          )     Appeal No.
                                          )     01-A-01-9601-CH-00033
STATE OF TENNESSEE                        )
DEPARTMENT OF SAFETY,                     )
                                          )
          Respondent/Appellee.            )

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

FILED

June 7, 1996

Cecil W. Crowson
Appellate Court Clerk

APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

RICHARD McGEE
Washington Square Two, Suite 417
222 Second Avenue, North
Nashville, Tennessee 37201

JOHN E. RODGERS, SR.
Suite 1230, First American Center
315 Deaderick Street
Nashville, Tennessee 37238-1230
ATTORNEYS FOR PETITIONER/APPELLANT


CHARLES W. BURSON
Attorney General & Reporter

JOHN ZIMMERMANN
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, Tennessee 37201-1649
FOR RESPONDENT/APPELLEE


AFFIRMED AND REMANDED

                              HENRY F. TODD
                              PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

PAGE G. STUART,                        )
                                       )
        Petitioner/Appellant,          )
                                       )        Davidson Chancery
                                       )        No.  94-1936-I
VS.                                    )
                                       )        Appeal No.
                                       )        01-A-01-9601-CH-00033
STATE OF TENNESSEE                     )
DEPARTMENT OF SAFETY,                  )
                                       )
        Respondent/Appellee.           )        )


O P I N I O N


This appeal involves a judicial review of administrative proceedings before the

Commissioner of Safety seeking the release of property seized by law enforcement officers

pursuant to T.C.A. Section 53-11-451.


From September 8, 1992 through June 18, 1993, law enforcement officers seized

various properties allegedly connected with plaintiff's illegal drug activities.  Plaintiff filed

timely claims for release of the following properties:

> $120,406.00 in U.S. Currency, seized 9/8/92;
> $159,227.00 in U.S. Currency, seized 9/9/92;
> 1993 GMC Truck, VIN: 2GTEC19K1P1507785, seized
> 11/9/92 and 5/21/93;
> $3,000.00 in U.S. Currency, seized 4/12/93;
> $35,260.00 in U.S. Currency, Treasury Check for $8,820.00
> and 100 Boxes of Sport Cards, seized 5/21/93;
> $315,000.00 in U.S. Currency, seized 6/3/93; and
> Two Cashier's Checks for $3,000.00 and $5,000.00, seized
> 6/18/93.

The claims were consolidated and to be heard in a single administrative proceeding.  After

plaintiff was convicted upon the charges upon which the seizures were based, his claims for

the release of the seized property were heard at length before an administrative law judge and

rejected.  The commissioner affirmed the judgment of the administrative law judge, the

claimant petitioned for judicial review, the trial judge affirmed the order of the

commissioner, and plaintiff appealed to this court, presenting the following three issues:

1. Whether civil forfeiture of property constitutes punishment for purposes of the Fifth and Eighth Amendment to the U.S. Constitution.

2. Whether the imposition of a civil penalty following Mr. Stuart's criminal conviction, violated the fifth Amendment Double Jeopardy Clause and Article I, Section 10 of the Tennessee State Constitution's prohibition against multiple punishment for the same offense under the rationale of United States v. Halper, 490 U.S. 435 (1989), Austin v. United States, --U.S. --, 113 S.Ct. 2801 (1993), Department of Revenue v. Kurth, --U.S.--, 114 S.Ct. 1937 (1994), and U.S. v. Ursery, 59 F.3d 568 (6th Cir. 1995).

3. Whether the forfeiture ordered by the Administrative Law Judge is an excessive fine in violation of the Eighth Amendment of the United States Constitution and Article I, Section 16 of the Tennessee State Constitution as it applies to civil forfeiture through Austin v. United States, --U.S.--, 113 S.Ct. 2801 (1993).

The Fifth Amendment of the *United States Constitution* provides:

Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.

Article I Section 10 of the *Constitution of Tennessee* provides:

No person shall, for the same offense, be twice put in jeopardy of life or limb.

The Eighth Amendment of the *United States Constitution* provides:

Excessive bail shall not be required, nor excessive fines imposed . . . .

Claimant cites *Department of Revenue of Montana v. Kurth Ranch*, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), wherein a "sin tax" on criminal possession of marijuana was held invalid as representing double jeopardy after criminal conviction for the same crime. It was also held that the rule in *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed. 487 (1989) was inapplicable to a case of "sin tax."

In *U.S. v. Halper*, it was held that a defendant who had already been criminally punished for filing false Medicare claims could be subjected to additional civil penalty under

an act providing a penalty of $2,000 for each act in addition to actual expenses of investigation. The government sought $130,000 for 65 acts, when its expenses were only $16,000. The case was remanded to the trial court for determination of the question of excessiveness under the Eighth Amendment.

In *Austin v. United States,* 113 S.C. 2801, 125 L.Ed.2d 488 (1993), after a state court had sentenced Austin on his guilty plea to one count of possessing cocaine, the United States filed an *in rem* action to forfeit his mobile home and auto body shop under 21 U.S.C. §881(a)(4) and (a)(7), as property used or intended for use in drug related crimes. The Supreme Court held:

> In this case we are asked to decide whether the Excessive Fines Clause of the Eighth Amendment applies to forfeitures of property under 21 U.S.C. §§881(a)(4) and (a)(7). We hold that it does and therefore remand the case for consideration of the question of whether the forfeiture at issue here was excessive.

Double jeopardy applies to the same offense, not necessarily to the same act, for a single act may constitute more than one offense. *State v. Black,* Tenn. 1975, 524 S.W.2d 913; *Eager v. State,* 205 Tenn. 156, 325 S.W.2d 815 (1959).

To resolve double jeopardy issues, the courts must examine the offenses to ascertain whether each offense requires proof of a fact. *Blackburger v. United States,* 284 U.S. 299, 52 S.Ct. 180; 76 L.Ed. 306 (1932).

Merely relying upon the same evidence to prove separate offenses does not establish double jeopardy. *United States v. Dixon,* 509 U.S. ___ 113 S.Ct. 2849; 125 L.Ed.2d 556 (1993).

T.C.A. Section 53-11-451(a)(6) provides:

> **Goods subject to forfeiture - Seizure - Disposition. -**
> (a) The following are subject to forfeiture:
> . . . .

(6)(A) Everything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of the Tennessee Drug Control Act of 1989, as amended, compiled in parts 3 and 4 of this chapter and title 39, chapter 17, part 4, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of the Tennessee Drug Control Act, compiled in parts 3 and 4 of this chapter and title 39, chapter 17, part 4; . . . .

The intent and substance of the foregoing is:

It is hereby declared a crime to receive the proceeds of an illegal drug transaction or to possess funds intended to finance an illegal drug transaction. The punishment for this crime is forfeiture of the funds so received or possessed.

In the light of the foregoing authorities, this court holds that, after conviction of illegally possessing or trading in drugs, the same individual can be constitutionally subjected to forfeiture of funds received or held in violation of T.C.A. §53-11-451(a)(6)(A).

The forfeiture of the proceeds of an illegal drug transaction is punishment of a different offense than the offense of conducting the transaction. *U.S. v. $184,505.01,* 3rd Cir. 1995, 72 F.3rd, 1160.

Moreover, the forfeiture of the proceeds (or funds intended for financing) of a drug transaction is remedial, rather than punitive, and therefore not within the prohibition of double jeopardy. *State v. Conley,* Tenn. 1982, 639 S.W.2d 435.

When funds being forfeited were not derived from lawful activity, the forfeiting party loses nothing to which the law ever entitled him. *United States v. Salinas,* 6th Cir. 1995, 65 F.3rd 551; *United States v. Tilley,* 5th Cir. 1994, 18 F.3rd 295, cert. den. 115 S.Ct. 574, 130 L.Ed.2d 490.

There is ample circumstantial evidence that the seized truck was used by petitioner in transporting illegal drugs and that the cash found in the truck and hidden on petitioner's

premises was proceeds of illegal drug transactions and/or was possessed with intent to use it to finance illegal drug transactions.  Petitioner argues that some of the money was earnings from his legitimate employment, but there is ample evidence that his legitimate earnings were spent otherwise.

The next question presented by petitioner is whether the amount forfeited constituted excessive punishment as prohibited by the Eighth Amendment.  The forfeiture of proceeds of an illegal transaction is not subject to the prohibition of excessive fines.  The forfeiture of property used in an illegal transaction may be excessive.  In *Austin v. United States, supra,* the remand was to consider excessiveness forfeiture of property used rather than excessiveness of forfeiture of proceeds of illegal transaction.

Petitioner has admitted that he has been a part of a major drug conspiracy since 1987, and that he has smuggled hundreds of pounds of marijuana.  The extent of his dealings and multiplicity of offenses adequately support the reasonableness of the penalty imposed.

The decision of an administrative agency may be judicially reversed only if:

(1)  In violation of constitutional or statutory provisions.
(2)  In excess of statutory authority of the agency.
(3)  Made upon unlawful procedure.
(4)  Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)  Unsupported by evidence which is both substantial and material in the light of the entire record.

None of the foregoing grounds of reversal are found in the present case.

The judgment of the trial court and that of the administrative agency are affirmed.  Costs of this appeal are taxed against the appellant. The cause is remanded to the trial court for any necessary further procedure.

Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE