**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**MAY 1997 SESSION**



FILED

July 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | |
| | **)** | **C.C.A. NO. 02C01-9606-CR-00197** |
| Appellee, | **)** | |
| | **)** | **SHELBY COUNTY** |
| VS. | **)** | |
| | **)** | **HON. BERNIE WEINMAN,** |
| **MILTON SPEARS, JR.,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Habitual motor vehicle offender) |

FOR THE APPELLANT:         FOR THE APPELLEE:


**A C WHARTON, JR.**         **JOHN KNOX WALKUP**
Public Defender         Attorney General & Reporter

**WALKER GWINN**         **SARAH M. BRANCH**
Asst. Public Defender         Counsel for the State
201 Poplar, Suite 2-01         450 James Robertson Pkwy.
Memphis, TN 38103         Nashville, TN 37243-0493
   (On appeal)

         **WILLIAM L. GIBBONS**
**SHERRY BROOKS**         District Attorney General
Asst. Public Defender
201 Poplar         **REGINALD HENDERSON**
Memphis, TN 38103         Asst. District Attorney General
   (At trial level)         201 Poplar St., Suite 301
         Memphis, TN 38103

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The Shelby County District Attorney General petitioned to have the defendant declared an habitual offender pursuant to the Motor Vehicle Habitual Offenders Act, T.C.A. § 55-10-601 et seq. The defendant filed a motion to dismiss on double jeopardy grounds which the court below dismissed. Subsequently, the court below entered a consent order declaring the defendant an habitual offender and barring him from operating a motor vehicle in the State of Tennessee. The defendant signed this order. He now appeals, alleging that the order violates his constitutional protections against double jeopardy. We affirm the judgment below.

The State contends that the defendant has waived his right to appeal the order because he agreed to it and did not reserve the double jeopardy issue as a certified question of law. In other words, the State asserts, the consent order has the effect of a guilty plea. We agree that the consent order is, in effect, the civil equivalent[1] of a guilty or nolo contendere plea. However, a guilty plea does not automatically constitute a waiver of a double jeopardy claim where, judged on the face of the record, the charge is one which the State may be constitutionally prohibited from prosecuting. Menna v. New York, 423 U.S. 61 (1975). See also State v. Rhodes, 917 S.W.2d 708, 711 (Tenn. Crim. App. 1995). Here, the face of the record reveals that the State is seeking to sanction the defendant based upon several criminal offenses of which he has been previously convicted. Under Menna, we hold that a double jeopardy claim is not waived by a consent order under these circumstances.

---

[1] Proceedings to declare a person to be an habitual offender under the Act are civil in nature, not criminal. Everhart v. State, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978). Appeals from these proceedings are, however, to this Court. T.C.A. § 55-10-614.

Having won that battle, however, the defendant loses the war. Our Supreme Court has previously decided that

> the revocation of all driving privileges of one declared to be an habitual offender under the Act is nothing more than the deprivation of a privilege, is ‹remedial in nature,' and is not intended to have the effect of imposing ‹punishment' in order to vindicate public justice. Consequently, the . . . proceeding to have the defendant declared to be an habitual offender and to have his driving privileges revoked does not subject him to double jeopardy.

State v. Conley, 639 S.W.2d 435, 437 (Tenn. 1982). The defendant requests us to examine the continuing validity of this holding in light of United States v. Halper, 490 U.S. 435 (1989), and Montana Dept. of Revenue v. Kurth Ranch, ___ U.S. ___ (1994). We have done so and find no reason to assume that our Supreme Court would change its holding in Conley as a result of these cases. Accordingly, we affirm the judgment below.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
GARY R. WADE, Judge


_____
THOMAS T. WOODALL, Judge

3