**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**FEBRUARY SESSION, 1997**

**FILED**

**August 22, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **No. 01C01-9605-CC-00211** |
| **Appellee** | ) | |
| | ) | **STEWART COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. ROBERT E. BURCH, Judge** |
| **RONNIE O. ROWLETT,** | ) | |
| | ) | **(Motor Vehicle Habitual Offender)** |
| **Appellant** | ) | |


For the Appellant:                          For the Appellee:

**DENTY CHEATHAM**                        **CHARLES W. BURSON**
Cheatham & Palermo                       Attorney General and Reporter
43 Music Square West
Nashville, TN  37203                      **KAREN M. YACUZZO**
                                         Assistant Attorney General
                                         Criminal Justice Division
                                         450 James Robertson Parkway
                                         Nashville, TN 37243-0493


                                         **DAN MITCHUM ALSOBROOKS**
                                         District Attorney General

                                         **GEORGE C. SEXTON**
                                         Asst. District Attorney General
                                         Post Office Box 580
                                         Charlotte, TN  37036


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

The appellant, Ronnie O. Rowlett, appeals from the Stewart County Circuit Court's order declaring him a motor vehicle habitual offender pursuant to Tenn. Code Ann. § 55-10-601 et seq. (1993).[1] The grounds for declaring the appellant a motor vehicle habitual offender are not in dispute. The appellant concedes that he was convicted of reckless driving in 1989; driving on a revoked license in 1990; driving without a license in 1992; and driving under the influence in 1994. The sole issue presented for review is whether the adjudication of a defendant as an habitual motor vehicle offender and the resulting revocation of his driver's license constitutes double jeopardy.

The appellant initially acknowledges that the Tennessee Supreme Court has previously decided this issue in State v. Conley, 639 S.W.2d 435, 436-437 (Tenn. 1982) (holding that a proceeding to have a defendant declared an habitual offender and to have his driving privileges revoked does not subject him to double jeopardy). In Conley, the court observed that the revocation of a license was "nothing more than the deprivation of a privilege, . . . 'remedial in nature,' and . . . not intended to have the effect of imposing 'punishment' in order to vindicate public justice." Id. at 437. Nonetheless, the appellant asserts that recent federal cases, i.e., United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892 (1989); United States v. Austin, -- U.S. --, 113 S.Ct. 2901 (1993); and Department of Revenue v. Kurth Ranch, -- U.S. --, 114 S.Ct. 1937 (1994), mandate a different result, as these cases provide that "the labels 'criminal' and 'civil' are not of paramount importance" in determining whether a sanction

---

[1]A person may be declared a habitual offender if, "during a five-year period, [that individual] is convicted in a Tennessee court or courts of three (3) or more of the following offenses . . .provided, that, if the five. . .year period is used one (1) of such offenses occurred after July 1, 1991: (vi) violation of § 55-10-401, prohibiting intoxicated . . . persons from driving; (vii) violation of chapter 50, part 3 of this title, relative to driving while unlicensed; (viii) violation of § 55-50-504, relative to driving on a cancelled, suspended, or revoked license; (ix) violation of § 55-10-205, relative to reckless driving . . . ." Tenn. Code Ann. § 55-10-603 2(A).

constitutes punishment for double jeopardy purposes. Halper, 490 U.S. at 447, 109 S.Ct. at 1901. Moreover, even though he acknowledges the Court's recent decision on a similar issue in United States v. Ursery and United States v. $405,089.23 in United States Currency, -- U.S. --, 116 S.Ct. 2135 (1996) (holding that, although certain punitive aspects are present, *in rem* forfeitures serve important nonpunitive goals and are neither "punishment" nor "criminal" for double jeopardy consideration, thus, the forfeiture of property as a result of a civil complaint does not bar a subsequent criminal prosecution), he contends that (1) Ursery does not overrule the holdings in Halper, Austin, and Kurth Ranch; (2) that Ursery does not apply to the present case because the present case is not an *in rem* proceeding and because the revocation of a license is clearly a penalty;[2] and (3) that, even if there is no violation of the federal Double Jeopardy Clause, this court can conclude that there is a violation of the Double Jeopardy Clause found in Article I, Section 10 of the Tennessee Constitution.

An identical argument was recently addressed by another panel of this court in State v. McClure and Ownby, No. 03C01-9605-CC-00198 (Tenn. Crim. App. at Knoxville, Jan. 29, 1997). In McClure, this court determined that "Ursery applies by analogy to [a proceeding under the Motor Vehicle Habitual Offenders Act]." Id. Thus, this court concluded that, consistent with our supreme court's holding in Conley, "the state action under the . . . Act is remedial and not intended to inflict punishment."[3] McClure, No. 03C01-9605-CC-00198 (citations omitted). See also State v. Malady, No. 02C01-9506-CR-00166 (Tenn. Crim. App. at Jackson, Jul. 26, 1996). We agree with this reasoning. Adhering to the

---

[2]Contrary to the appellant's position, the courts of this state have repeatedly held that the ability to drive a motor vehicle is a privilege and not a property right. See, e.g., Goats v. State, 364 S.W.2d 889, 891 (Tenn. 1963); Sullins v. Butler, 135 S.W.2d 930, 932 (Tenn. 1940). Accordingly, the revocation of one's driver's license is not punishment for a criminal act, but, instead, is the revocation of a privilege of one who had demonstrated that it was unsafe for him to continue to operate motor vehicles upon the highways of the state. Conley, 639 S.W.2d at 437 (citing Goats, 364 S.W.2d at 891).

[3]See also Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991) (holding that license revocation proceedings under the Act are civil in nature).

precedent set forth in <u>Ursery</u> and <u>Conley</u>, we hold that an adjudication of a defendant as an habitual offender under the Motor Vehicle Habitual Offenders Act and the subsequent revocation of his license, is not violative of his right against double jeopardy as provided by both the federal and Tennessee constitutions.

The judgment of the trial court is affirmed.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
GARY R. WADE, Judge


_____
CURWOOD WITT, Judge