IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION



**FILED**

**September 10, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 02C01-9611-CR-00393 |
| | ) | |
| Appellee | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | HON. JAMES C. BEASLEY, JR., |
| SAMMY L. GOLDEN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Habitual Motor Vehicle Offender) |
| | ) | |
| | ) | |

For the Appellant:

Joseph S. Ozment
217 Exchange Avenue
Memphis, TN 38103

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Janis L. Turner
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti
District Attorney General

Lee V. Coffee
Assistant District Attorney
201 Poplar Street
Suite 301
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

Appellant, Sammy L. Golden, appeals as of right the Shelby County Criminal Court's order declaring him an habitual motor vehicle offender. See Tenn. Code Ann. §§55-10-601 to -618. On appeal, he contends that the procedure outlined in the Habitual Motor Vehicle Offender Act ("the Act") violates the constitutional protection against double jeopardy. He also challenges a 1991 amendment to the Act as the application of an *ex post facto* law. We find no merit to either of appellant's arguments and affirm the ruling of the trial court.

At the hearing on the State's petition to declare appellant an habitual offender, the State offered proof that appellant was convicted of driving under the influence in 1990 and again in 1992. In 1995, appellant was convicted of reckless driving. The combination of these three offenses in a five year period was sufficient under the Act for suspension of appellant's driver's license and declaration as an habitual motor vehicle offender. See Tenn. Code Ann. §55-10-603(2)(A) (Supp. 1996). In contesting the State's petition, appellant filed a motion to dismiss based upon double jeopardy grounds. After accepting proof and hearing argument, the trial court overruled the motion and declared appellant an habitual motor vehicle offender.

Appellant argues that the institution of a separate proceeding to adjudicate an individual as an habitual motor vehicle offender, after conviction and sentence have been pronounced on the triggering criminal acts, violates principles of double jeopardy. Appellant does not refute the State's authority to deprive a person of the privilege to drive, rather he attacks the deprivation when accomplished in a separate proceeding.[1]

---

[1]In 1995, the legislature amended the statute to permit district attorneys to seek habitual motor vehicle offender status against an offender at the same proceeding which determines the guilt or innocence on the offense making the offender eligible for this status. See Tenn. Code Ann. §55-10-618(b) (Supp. 1996). This amendment simply provided an alternative procedure; the State may still pursue this classification of the offender in a separate proceeding. Tenn. Code Ann. §55-10-618(a) (Supp. 1996).

Our supreme court has previously addressed the double jeopardy argument under the Act. State v. Conley, 639 S.W.2d 435 (Tenn. 1982). In Conley, the court said that a proceeding to declare a defendant an habitual offender and revoke his driving privileges does not subject the offender to double jeopardy. Id at 437. The court explained that the prohibited multiple "punishment" at the heart of double jeopardy is the deprivation of the liberty of a person or the imposition of a fine when inflicted to vindicate public justice. Id at 436. Since revocation of a driver's license is nothing more than deprivation of a privilege, which is remedial in nature and not intended to have the effect of imposing punishment, there is no double jeopardy. Id. We find nothing significant about the fact that the withdrawal of this privilege may be accomplished in a separate proceeding.

Appellant urges us to reconsider the holding of Conley in light of more recent United States Supreme Court authority on double jeopardy. See Montana Department of Revenue v. Kurth Ranch, 511 U. S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Contrary to appellant's assertion, panels of this Court have reconsidered the holding of Conley in light of this authority and reiterated its validity.[2] See State v. Milton Spears, Jr., No. 02C01-9606-CR-00197 (Tenn. Crim. App. at Jackson, July 10, 1997); State v. Randy A. McClure and Teddy G. Ownby, No. 03C01-9605-CC-00198 (Tenn. Crim. App. at Knoxville, January 29, 1997). See also State v. Jonathan Malady, No. 02C01-9506-CR-00166 (Tenn. Crim. App. at Jackson, July 26, 1996) (upholding Conley in light of authority on double jeopardy and civil forfeitures). In similar fashion, we believe the rationale and holding of Conley remains sound. Moreover, we are bound by rulings of our supreme court.

In McClure, a panel of this Court evaluated the Act in light of Halper and also considered recent Supreme Court authority on double jeopardy in the context of civil

---

[2]We realize that these opinions were not released until after appellant's brief were filed.

forfeitures of property. In analogizing to civil forfeiture procedures, a panel of this Court held that the forfeiture of a driver's license, a civil proceeding intended to be remedial in nature and not punitive, does not violate principles of double jeopardy. Slip op. at 4. In Spears, a panel of this Court specifically considered the Conley holding in terms of Halper and Kurth Ranch and found nothing to indicate that such authority would change the holding of Conley. We agree that the authority upon which the appellant relies would not alter our supreme court's holding in Conley.

Appellant also contends that application of the Act to his offense violates the prohibition against *ex post facto* laws. The Act was amended in 1991 and enlarged to encompass offenders who accumulated three of the enumerated offenses within a five year period. Tenn. Code Ann. §55-10-603(2)(A) (Supp. 1992). Because one of appellant's qualifying convictions occurred prior to 1991, appellant argues that application of the statute to him constitutes an *ex post facto* law. This argument is without merit.

The constitutional prohibition against *ex post facto* laws applies only to penal statutes which punish the offender and are inapplicable to civil penalties. State v. Carl G. Laney, et al, No. 03C01-9303-CR-00088 (Tenn. Crim. App. at Knoxville, November 23, 1993). As discussed above, the declaration of an individual as an habitual offender is considered a civil penalty, not a criminal prosecution. Conley, 639 S.W.2d at 437. See also Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Therefore, any contention that application of the statute is an *ex post facto* law is untenable.

Appellant argues that the rationale of Laney is inapplicable, reasoning that the Act does impose a punishment "since the legislature has now determined that the declaration is a sentence and a sentence equates to punishment." This contention is not supported by the citation of authority and we are unaware of any such indication

4

by the legislature.  The holding of <u>Laney</u> remains valid and the application of the statute to appellant does not violate the provision against *ex post facto* laws.

We conclude that both of appellant's arguments are devoid of merit and affirm the order of the trial court declaring appellant an habitual motor vehicle offender.

_____
William M. Barker, Judge

_____
Joseph M. Tipton, Judge

_____
David G. Hayes, Judge