IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1997 SESSION

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | C.C.A. No. 02C01-9701-CC-00010 |
| | ) | |
| Appellant, | ) | LAUDERDALE COUNTY |
| | ) | |
| VS. | ) | **HON. JOE H. WALKER, III** |
| | ) | **JUDGE** |
| | ) | |
| **LUCKY HUMPHREYS**, | ) | |
| | ) | (DUI) |
| Appellee. | ) | |

FILED

September 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLEE:                          FOR THE APPELLANT:

**WILLIAM K. RANDOLPH**                     **JOHN KNOX WALKUP**
P. O. Box 611                              Attorney General and Reporter
Dyersburg, TN 38025-0611

                                           **DEBORAH A. TULLIS**
                                           Assistant Attorney General
                                           450 James Robertson Parkway
                                           Nashville, TN 37243-0493

                                           **ELIZABETH T. RICE**
                                           District Attorney General

                                           **MARK E. DAVIDSON**
                                           Assistant District Attorney General
                                           302 Market Street
                                           Somerville, TN 38068

**OPINION FILED:** _____

**REVERSED AND REMANDED**

**JOE G. RILEY,**
**JUDGE**

## O P I N I O N

The state appeals the dismissal of an indictment for driving under the influence of an intoxicant. The trial court found that the post-arrest detention of the defendant constituted punishment and dismissed the indictment based upon a finding of double jeopardy. We reverse and reinstate the indictment.

## FACTS

Defendant, Lucky Humphreys, was arrested for driving under the influence of an intoxicant. Upon arrival at the jail, defendant refused a breathalyzer test. Under the sheriff's policy, DUI arrestees were detained at the jail for approximately eight hours before being allowed to make bail. If an arrestee was highly intoxicated, he or she was sometimes allowed to be released to a family member. The rationale for the detention policy was the safety of the arrestee as well as the safety of the general public.

The defendant was held for approximately eight hours before being allowed to make bail. During this time he was not allowed to make a phone call.

The trial court found no showing by the state of the need to keep this defendant for an eight-hour period for public safety purposes. Although the trial court recognized the remedial, public safety reasons for detention, the trial court found that defendant's detention resulted from the failure to allow him to call a family member to pick him up and make bond. The trial court ruled that the detention, therefore, constituted punishment. In summary, the trial court found that the defendant's detention was "punishment" for the "same offense" for which he was indicted; to-wit: driving under the influence of an intoxicant. The trial court dismissed the DUI indictment finding it to constitute double jeopardy.

2

## ANALYSIS

The detention policy was intended, at least in part, to protect not only the arrestee but also the public from someone who had been recently arrested for driving under the influence of an intoxicant. This is a remedial purpose, not a punitive one, and does not trigger double jeopardy protection. State v. Pennington, ___ S.W.2d _ (Tenn. 1997). If the confinement is remedial and imposed pursuant to a legitimate governmental purpose, then the confinement is not considered punishment for double jeopardy purposes. *See* Doe v. Norris, 751 S.W.2d 834 (Tenn. 1988); State v. Conley, 639 S.W.2d 435 (Tenn. 1982); State v. Coolidge, 915 S.W.2d 820 (Tenn. Crim. App. 1995). We further find that the detention was not excessive in the accomplishment of the remedial purpose. *See* Coolidge, 915 S.W.2d at 824. The fact that the defendant was not allowed to post bond nor make a phone call to secure a relative to pick him up does not convert his detention into "punishment."

For the above reasons, we reinstate the indictment for driving under the influence of an intoxicant and remand for further proceedings.

_____
_____JOE G. RILEY, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
DAVID H. WELLES, JUDGE