# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY 1998 SESSION

FILED

July 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No.  02C01-9709-CR-00339 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable W. Fred Axley, Judge |
| | ) |
| **RALPH D. COOPER,** | ) (Habitual Motor Vehicle Offender) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Robert M. Brannon, Jr.
Attorney at Law
295 Washington Avenue
Suite 3
Memphis, TN 38103-1911

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Rosemary Andrews
Assistant District Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

Alleging that the appellant, Ralph D. Cooper, had been convicted of three qualifying vehicular offenses during a five-year period, the state, pursuant to Tennessee Code Annotated § 55-10-601, filed a petition on April 16, 1997 seeking to declare the appellant a habitual motor vehicle offender. On August 26, 1997, a hearing on the petition was held. At the conclusion of the hearing, the trial court, finding no material disputes of fact, granted the state's petition declaring the appellant a habitual motor vehicle offender.

The appellant presents four issues for our review on appeal: (1) whether the trial court erred in failing to afford him a trial by jury; (2) whether the trial court erred by failing to grant a continuance based upon his filing of a post-conviction petition attacking one of the state's qualifying offenses in its petition to declare him a habitual motor vehicle offender; (3) whether the trial court erred in failing to exclude records of the July 2, 1991 conviction which were offered by the state in support of its petition; and (4) whether the trial court erred in its declaration of him as a habitual motor vehicle offender, thereby violating the double jeopardy clause of the United States and Tennessee Constitutions. We affirm.

In his first issue, the appellant argues that the trial court improperly denied his request for a jury trial. He contends that there are two material disputes of fact which necessitate a jury trial: whether his filing of a post-conviction petition created a material dispute of fact and whether the Ralph D. Cooper that the state was attempting to declare a habitual motor vehicle offender was in fact him.

The state asserts that the trial court properly denied the appellant's request for a trial. Citing State v. Everhart, 563 S.W.2d 795, 797-98 (Tenn. Crim. App. 1978), the state maintains that "collateral attacks on the underlying convictions are not proper at a habitual offender hearing." It insists that the appellant had three facially valid convictions at the time of the hearing.

Therefore, there was no material dispute of fact created by the filing of the post-conviction relief petition.

With regard to the appellant's contention that the state did not establish identity, the state argues that the appellant "implicitly admitted to his convictions." It notes that the trial court commented during the hearing that "the defendant has admitted that he has been punished on each and every one of the convictions." Thus, the state maintains that identity does not present a material dispute of fact warranting a jury trial.

From our review of the record, we must agree with the state. Everhart plainly states that collateral attacks on convictions are not proper at a habitual offender hearing. Furthermore, we find nothing to indicate that the appellant is not the same Ralph D. Cooper as the person in the three convictions. Thus, this issue is without merit.

In his second issue, the appellant contends that the trial court erred by denying his motion for a continuance. He maintains that because he filed a post-conviction relief petition challenging one of his convictions, the court should have granted him a continuance until a decision of his petition had been rendered. He argues that the trial court abused its discretion by denying him a continuance, which "in effect punished and deprived [him] of due process of law by legally barring him from operating a motor vehicle, while the validity of one of the qualifying offenses was in material dispute."

The state asserts that the trial court did not abuse its discretion. It notes that "the granting of a continuance rests in the sound discretion of the trial court." The state insists that the appellant's post-conviction petition was immaterial to the habitual offender hearing.

We agree with the state that the trial court did not abuse its discretion. The appellant had three facially valid convictions at the time of the hearing; and as the state notes in its brief, that is all that is required before the hearing can proceed. This issue is without merit.

Next, the appellant argues that the trial court erred by improperly admitting evidence of the appellant's 1991 conviction. He asserts that the state attempted to introduce the 1991 conviction but that "it had not been properly authenticated, and thereby should have been excluded under Rule 901 of the Tennessee Rules of Evidence." Furthermore, he contends that the evidence of the conviction was inadmissible under evidence Rule 902 because it did not bear the official state seal.

The state maintains that the evidence of the appellant's 1991 conviction was properly admitted. It contends that the conviction was certified by the deputy clerk of the general sessions court of Shelby County. The state acknowledges that although the certification was signed, there was no seal affixed. The state insists that Tennessee Rule of Evidence 901(b)(7) provides that, as in this case, the certification of the deputy clerk provides evidence that the copy of the conviction was from the general sessions court where such records are kept. Furthermore, it argues that there is nothing in the record, or from the appellant, to suggest that the copy of the 1991 conviction was false. Thus, the evidence of the conviction was properly admitted.

Although the seal was not affixed, the signed certification of the deputy clerk was sufficient to indicate that the copy of the 1991 conviction was not false or unreliable, especially in light of the appellant's failure to provide proof to the contrary. This issue is without merit.

Finally, the appellant in his fourth issue invites this Court to revisit the issue of whether the Motor Vehicle Habitual Offenders Act violates double jeopardy, noting that our Supreme Court has held that the Act does not violate double jeopardy. <u>State v. Conley</u>, 639 S.W.2d 435 (Tenn. 1982). The state argues that because the appellant fails to provide an argument for his request, this issue is waived pursuant to Rule 10(b) of the Rules of the Court of Criminal Appeals.

We decline the invitation to revisit the issue of double jeopardy. This issue is waived.

Finding no error mandating reversal, we affirm the trial court's judgment.

_____
PAUL G. SUMMERS, Judge

CONCUR:                                                -6-

_____
JOHN H. PEAY, Judge


_____
THOMAS T. WOODALL, Judge