## IN THE COURT OF APPEALS OF TENNESSEE
### AT NASHVILLE

FILED

February 9, 1999

Cecil W. Crowson
Appellate Court Clerk

DANIEL B. TAYLOR,              )

     Plaintiff/Appellant,       )

                               )

VS.                            )

STATE OF TENNESSEE,      )
JOHN DOE, STATE COORDINATOR  )
OF ELECTIONS, MS. BOBBIE WHITE, )
SHELBY COUNTY REGISTRAR OF   )
VOTERS; and CHARLES W. BURSON, )
ATTORNEY GENERAL,         )

     Defendants/Appellees.     )

Appeal No.
01-A-01-9707-CH-00338

Davidson Chancery
No. 96-859-II


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. MCCOY, CHANCELLOR


DANIEL B. TAYLOR #102957
Northwest Correctional Center
Route 2, Box 660
Tiptonville, Tennessee 38079
       Pro Se/Plaintiff/Appellant

JOHN KNOX WALKUP
Attorney General & Reporter

KEVIN STEILING
Senior Counsel
425 Fifth Avenue, North
Nashville, Tennessee 37243-0490


AFFIRMED AND REMANDED


BEN H. CANTRELL
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

## O P I N I O N

The only question presented in this complaint is whether a law making all felonies infamous crimes can, upon conviction, be applied to crimes committed before the date of the act. The Chancery Court of Davidson County dismissed the plaintiff's request for a declaratory judgment. We affirm.

## I.

The plaintiff, Daniel B. Taylor, was convicted on October 6, 1982 of a murder committed on September 20, 1980. On the date the crime was committed murder was not an infamous crime. In 1981 the Tennessee legislature amended Tenn. Code Ann. § 40-20-112 to make all felonies infamous crimes resulting in a loss of the right to vote. Upon his conviction, Mr. Taylor was declared to be infamous.[1]

Mr. Taylor sought a declaration that the law, as applied to him, violated the ex post facto provisions of Article I § 17 of the Tennessee Constitution and Article I § 10 of the United States Constitution. He also relied on Article I § 5 of the Tennessee Constitution and its guarantee of the right of suffrage. The State filed a motion to dismiss for failure to state a claim. The chancellor analyzed all three claims and granted the State's motion.

## II.

We will deal with Article I § 5 of the Tennessee Constitution first. That section provides that the right of suffrage "shall never be denied to any person entitled thereto, except upon conviction by a jury of some infamous crime, previously ascertained and declared by law . . . ." Mr. Taylor asserts that this section means that the crime must be infamous at the time it was committed. In *Gaskin v. Collins*, 661 S.W.2d 865 (Tenn. 1983) our Supreme Court declared that the act in question was

---

[1]The State did not assert that this proceeding is a collateral attack on Mr. Taylor's original conviction. We will not address it here.

unconstitutional when applied to <u>convictions</u> that occurred prior to the act's effective date. The Court said that Article I § 5 "prohibits the General Assembly from retroactively disenfranchising convicted felons." 661 S.W.2d at 868.

What about convictions that occurred after the act? The State argued in *Gaskin* that the legislature had the power to disenfranchise any convicted felon by its simple act -- regardless of whether the legislature acted before or after the conviction. The Supreme Court rejected that argument and said the phrase "previously ascertained and declared by law in Article I § 5 qualifies the words "infamous crimes" and "places a time limitation on when an act shall be declared infamous; that is, <u>before conviction of the crime by a jury.</u>" 661 S.W.2d at 867 (emphasis added). We are of the opinion that *Gaskin* resolves this question in favor of the State.

### III.

The United States Constitution prohibits the states from passing ex post facto laws, Article I § 10, and the Tennessee Constitution echoes that prohibition as "contrary to the principles of a free Government." Article I § 11. Under both charters, however, the prohibitions run only against penal laws, laws that punish "an act which was not punishable at the time it was committed or adds punishment, or changes the rules of evidence by which less or different testimony is sufficient to convict than was previously required." *State v. Young*, 904 S.W.2d 603 at 607 (Tenn. Cr. App. 1995). *See Collins v. Youngblood*, 497 U.S. 37 (1990); *Kaylor v. Bradley*, 912 S.W.2d 728 (Tenn. App. 1995).

In *Goats v. State*, 364 S.W. 2d 889 (Tenn. 1963), the Court said that the revocation of a drivers license by the Department of Safety after the driver had been convicted of driving under the influence was not a part of the trial or conviction for a criminal act. Thus, the statute giving the Department of Safety that power did not

violate the separation of powers. In *State v. Conley*, 639 S.W.2d 435 (Tenn. 1982), the Court said that allowing the State to declare the defendant an habitual offender and to bar him from driving a motor vehicle did not amount to double jeopardy, even though the convictions used to invoke the Habitual Offenders Act also allowed the suspension of his license for an indefinite period of time. The Court said that a matter is criminal (thus subjecting the defendant to jeopardy) only if imprisonment or the assessment of a fine may follow conviction. 639 S.W.2d at 436. The courts thus make a distinction between criminal statutes and remedial statutes that do nothing more than deprive the defendant of a privilege. 639 S.W.2d at 437.

We think the laws disenfranchising convicted felons are simply remedial statutes and are not laws that invoke or increase criminal penalties. Therefore, they are not ex post facto laws within the prohibition of the State or Federal Constitution.

We affirm the judgment of the trial court and remand the cause for any further proceedings necessary. Tax the costs on appeal to the appellant.

 

                                _____
                                BEN H. CANTRELL
                                PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE