# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## NOVEMBER 1997 SESSION

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **NO. 02C01-9611-CR-00425** |
| Appellee, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES C. BEASLEY, JR.,** |
| **DAVID S. PRENTICE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Habitual Motor Vehicle Offender) |

**FOR THE APPELLANT:**

**A. C. WHARTON, JR.**
Shelby County Public Defender

**WALKER GWINN**
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, Tennessee 38103

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**LEE V. COFFEE**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, Tennessee 38103

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

Appellant, David S. Prentice, contends the Habitual Motor Vehicle Offender Act (HMVO Act) violates double jeopardy principles. On May 23, 1996, appellant was declared an Habitual Motor Vehicle Offender (HMVO) based upon appropriate prior convictions. His motion to dismiss based upon double jeopardy was denied.

We AFFIRM the order of the trial court.

## DOUBLE JEOPARDY AND THE HMVO ACT

State v. Conley, 639 S.W.2d 435, 437 (Tenn. 1982), found the double jeopardy defense to be unavailable to the HMVO declaration since the revocation of driving privileges is remedial and not punitive in nature. This reasoning has been followed in recent months by this Court. *See* State v. Watson, C.C.A. No. 02C01-9610-CR-00377 (Tenn. Crim. App. filed September 17, 1997, at Jackson); State v. Rowlett, C.C.A. No. 01C01-9605-CC-00211 (Tenn. Crim. App. filed August 22, 1997, at Nashville); State v. Spears, C.C.A. No. 02C01-9606-CR-00197 (Tenn. Crim. App. filed July 10, 1997, at Jackson). We see no reason to deviate from these holdings.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the trial court.[1]

_____
JOE G. RILEY, JUDGE

CONCUR:


_____
GARY R. WADE, JUDGE


_____
DAVID G. HAYES, JUDGE

_____

[1]The notice of appeal was untimely filed; however, we waive the timely filing requirement. Tenn. R. Crim. P. 4(a).