**STATE of Tennessee, Appellant,**

v.

**Richard Allison YOUNG, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 3, 1995.

E. Guy Holliman, Lafayette, for appellee.

Charles W. Burson, Atty. Gen. and Reporter, John B. Nisbet, III, Asst. Atty. Gen., Crim. Justice Div., Nashville, Tom P. Thompson, Dist. Atty. Gen., David Earl Durham, Asst. Dist. Atty. Gen., Lebanon, for appellant.

## OPINION

WELLES, Judge.

The State presents an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court ordered that the indictment which had charged the Defendant with a continuing crime in two counts be amended to allege one continuing course of criminal conduct. The sole issue presented for review is whether the trial court erred in ordering the state to charge the defendant with only one count for a continuing crime although the offenses occurred both before and after November 1, 1989, the effective date of the revised criminal code. The new code changed the crime with which the Defendant was charged. This issue is one of first impression in Tennessee. For the reasons set forth below, we reverse the order of the trial court and hold that the indictment should be reinstated as originally returned.

The Defendant is accused of defrauding the victim out of approximately $121,000.00 in cash between May 5, 1988 and September 25, 1991. He is accused of accomplishing this by fraudulently inducing the victim to write him almost 400 checks totaling this amount of money. The victim is an elderly widow who lived alone.

On February 14, 1992, the Grand Jury of Smith County indicted the Defendant on two counts of obtaining money by false pretense. Count one alleged that the Defendant obtained money by false pretense "on diverse dates between May 5, 1988 and October 31, 1989" in violation of Tennessee Code Annotated section 39-3-901 (1982). The second count alleged that the Defendant used false

pretense to obtain money "on diverse dates between November 1, 1989 through October 31, 1991" in violation of Tennessee Code Annotated section 39–14–103 (1989).

On December 10, 1993, the Defendant filed a "Motion to Dismiss or Join Indictment" arguing that the crime alleged was a continuing one, therefore, the indictment charging two counts for the same crime was multiplicitous. On January 4, 1994, the trial court granted the Defendant's motion and ordered the State to amend its indictment to allege one continuing course of criminal conduct (theft by false pretense over $60,000.00) occurring from May 5, 1988 through October 31, 1991. The State then moved for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which the trial court granted on January 4, 1994. On January 31, 1994, this court granted the State's request for interlocutory appeal, and the State now appeals the trial court's order to amend the indictment to one count.

The State first argues that the Defendant should be charged in two counts of the indictment because even though his conduct constituted a continuing crime, the conduct violated two distinct statutes with different elements. The gravamen of the State's argument is that after November 1, 1989, the date on which the statutory revisions of the criminal code became effective, the Defendant could not violate Tennessee Code Annotated section 39–3–901, and before November 1, 1989, the Defendant could not violate Tennessee Code Annotated section 39–14–103. Therefore, the only way to prosecute the Defendant for crimes both prior to and on or after November 1, 1989, was to charge him with violation of both statutes; to do otherwise would allow the Defendant to escape prosecution for either the crimes occurring before November 1, 1989, or those occurring on or after that date.

The State's second contention is that the elements of the two crimes with which the Defendant is charged are different. The crime of false pretense prohibited any person "by any false pretense ... with intent to defraud another, [to] obtain from any person any personal property, services, labor or the signature of any person on any written instrument...." Tenn.Code Ann. § 39–3–901 (1982). Prior case law further defined the elements to be:

(1) the making, with intent to defraud of a false representation of a past or existing fact;

(2) the representation was calculated to deceive the person to whom it was made and did in fact deceive that person;

(3) the false pretense was capable of defrauding;

(4) the defendant obtained something of value from the injured person without giving just compensation; and

(5) the thing obtained was valued at more than or less than $100 (now $200.00) (as for larceny, the value will determine the punishment).

*State v. Arnold,* 719 S.W.2d 543, 546 (Tenn. Crim.App.1986). Under the 1989 Act, the crime of false pretense was consolidated with other offenses against property into a general theft statute making it a crime if a person "with intent to deprive the owner of property, ... knowingly obtains or exercises control over the property without the owner's effective consent." Tenn.Code Ann. § 39–14–103 (1989).

■ The Defendant argues that the two counts should have been consolidated because they charge the same crime, with the exact same elements. Thus, the Defendant argues that he was charged with the same crime twice, with the only real difference between the two counts being the alleged inclusive dates of the offenses. The Defendant further argues that the legislative intent in consolidating the theft crimes was to allow the exact same conduct previously denominated as false pretense to be punished under the general theft statute. He contends that this proposition is clearly supported by the language in Tennessee Code Annotated section 39–14–101:

Conduct denominated as theft in this part constitutes a single offense embracing the separate offenses heretofore known as: embezzlement, false pretense, fraudulent conversion, larceny, receiving/concealing stolen property, and other similar offenses.

The Defendant's argument seems to be that the fact that the legislature changed the law is unfair as it applies to him. While it is true that the Defendant would have faced only one count if the legislature had not changed the law, it does not follow that the change in the law cannot be applied to the Defendant.

Although we agree that the conduct being punished in Tennessee Code Annotated section 39–3–901 (false pretense) and section 39–14–103 (theft) is the same, we do not find that the elements of the two crimes are the same. While every false pretense would be a theft, the elements of theft would not always prove the crime of false pretense. Even though the legislature intended to simplify the prosecution of theft crimes by consolidating them into a general statute, the legislature also clearly changed the definition of the crime and the elements needed to prove the offense. Thus, we find that the elements of the two crimes differ.

The Defendant argued in his Motion to Dismiss or Join the Indictment that because the indictment erroneously charges in two counts that the Defendant is guilty of a single crime, the indictment was multiplicitous thereby subjecting the Defendant to two punishments for a single crime.

■ An indictment is multiplicitous if it charges a single offense in more than one count. 9 David L. Raybin, *Tennessee Practice* § 16.20 (1985 & Supp.1995). The principal danger of a multiplicitous indictment is that the Defendant will receive multiple sentences for a single offense. 2 Wayne R. Lafave & Jerold Israel, *Criminal Procedure* § 19.2(e) (1984). Resolving a question of multiplicity requires an analysis of the statutory crimes alleged as well as the factual circumstances. Raybin, *supra*, § 16.20.

■ The Defendant contends that because the acts of the Defendant constituted a continuing crime, charging the crime in two counts makes the indictment multiplicitous. The Tennessee Supreme Court has found a continuing crime where

successive takings are actuated by a single, continuing, criminal impulse or intent or are pursuant to the execution of a general

larcenous scheme, it has been held or stated that such successive takings constitute a single [crime], regardless of the extent of the time which may have elapsed between each taking.

*Nelson v. State,* 344 S.W.2d 540, 542, 208 Tenn. 179, 183 (Tenn.1960). Here the acts of the Defendant clearly meet the definition of a continuing crime, and would normally be charged in one count. However, the case *sub judice* is unique in that the legislature statutorily changed the definition of the crime of which the Defendant is accused. Thus, because of the change in the law, the Defendant violated two statutory provisions, and the Defendant's multiplicitous argument must fail.

■ The United States Supreme Court dealt with the issue of whether the violation of two distinct statutory provisions during the course of a single criminal episode constituted two offenses or only one. *Blockburger v. U.S.,* 284 U.S. 299, 302–03, 52 S.Ct. 180, 182–83, 76 L.Ed. 306 (1932). Generally, the Court said that if the individual acts are prohibited, each act is punishable separately; but, if the course of action which they constitute is prohibited, there can be but one penalty. *Blockburger,* 284 U.S. at 302, 52 S.Ct. at 182. The Court formulated the "Blockburger test" to determine the identity of offenses:

[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

284 U.S. at 304, 52 S.Ct. at 184. The *Blockburger* test was recognized and applied by the Tennessee Supreme Court in *State v. Black,* 524 S.W.2d 913, 920 (Tenn.1975) (holding that the facts supported two distinct offenses of armed robbery and assault with intent to commit murder in the second degree). Because one could not commit a false pretense without committing a theft, the *Blockburger* analysis would normally prohibit a conviction for both crimes arising from one set of conduct. However, the two crimes did not exist at the same time. Again, the fact

that the law changed on November 1, 1989 alters the analysis.

■ Even with the application of the *Blockburger* test, "whether a crime is susceptible to an allegation of multiplicity is highly dependent on the legislative intent." Raybin, *supra*, § 16.20. The Tennessee Supreme Court has previously looked to the intent of the legislature to determine the number of offenses with which a defendant should be charged. For instance, the Court has found that the legislature intended for the sale of controlled substances categorized under different Schedules but sold in a single transaction to be distinct offenses. *State v. Campbell*, 549 S.W.2d 952, 955 (Tenn.1977). The Court also determined that the Drug Control Act indicated a legislative intent to create a separate offense for the possession of each controlled substance within the same schedule. *State v. Collier*, 567 S.W.2d 165 (Tenn.1978). The Court reasoned that because the substances were different, the illegality of each must be determined independently. Likewise, we must look to the legislative intent to decide whether the Defendant should be charged in one count or two.

Tennessee Code Annotated section 39–11–112 allows for the prosecution of an act committed under prior law:

> Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by the statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense.[1]

Thus, the Defendant can clearly be charged under section 39–3–901 for any conduct that occurred prior to November 1, 1989. However, he cannot be charged under that statute for conduct occurring on or after November 1, 1989 because the Criminal Sentencing Reform Act requires that "[a]ll persons who commit crimes on or after November 1, 1989, shall be tried and sentenced under the provi-

sions of this chapter." Tenn.Code Ann. § 40–35–117 (1989). To charge the Defendant only under section 39–14–103 would absolve his criminal responsibility for acts previously punishable. We cannot conclude that the legislature intended for the Defendant's criminal conduct that occurred either before November 1, 1989 or on or after November 1, 1989 to go unpunished.

■ Nor would the Tennessee Constitution's provision against ex post facto laws allow the Defendant to be charged under the general theft statute enacted in 1989 for the criminal conduct occurring before that date. Tenn. Const. Art I, § 11. An ex post facto law punishes an act which was not punishable at the time it was committed or adds punishment, or changes the rules of evidence by which less or different testimony is sufficient to convict than was previously required. Raybin, *supra*, § 16.20.

Section 39–3–901 requires different evidence to convict than the revised section 39–14–103. Therefore, the Defendant could not be charged under the theft statute now in effect for crimes that occurred prior to November 1, 1989.

But for the change in the law, the Defendant would have been indicted for the one continuing crime of false pretense. After the law changed, it is clear that the Defendant could be prosecuted for his actions which occurred *either* before *or* after November 1, 1989. The question is whether he can be prosecuted for his actions which occurred *both* before *and* after November 1, 1989. We conclude that he can.

Thus, even though the alleged acts of the Defendant meet the definition of a continuing crime, the only way to punish the conduct occurring both before and after the date of the statutory revisions enacted on November 1, 1989, is to charge the Defendant with both crimes. Any other result would in effect allow part of the Defendant's criminal conduct to go unpunished and would be contrary to the clear intent of the legislature.

---

1. Although the statute allows for prosecution of an act committed under prior law, if the revised or amended statute provides for a lesser penalty, the defendant must be given that lesser penalty: [I]n the event the subsequent act provides for a lesser penalty, ... any punishment imposed shall be in accordance with the subsequent act. Tenn.Code Ann. § 39–11–112.

The judgment of the trial court is reversed. This case is remanded for further proceedings.

TIPTON, J., and STEPHEN M. BEVIL, Special Judge, concur.