IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 12, 2001 Session

## STATE OF TENNESSEE v. RHONDA PATRICIA MAYES

**Direct Appeal from the Circuit Court for Marshall County**
**No. 14315       William Charles Lee, Judge**

---

**No. M2001-00423-CCA-R3-CD - Filed July 18, 2002**

---

Defendant was convicted of two counts of possession of cocaine with intent to sell and two counts of simple possession of cocaine. The trial court merged the two counts of possession of cocaine with intent to sell into one count and merged the two counts of simple possession of cocaine into one count. The trial court sentenced the defendant to concurrent sentences of eight years and eleven months and twenty-nine days, respectively, thus imposing an effective eight-year sentence. Defendant appealed on four grounds: (1) there was insufficient evidence to support the conviction for possession with intent to sell cocaine; (2) a search warrant failed to state sufficient facts to establish probable cause to search defendant's apartment; (3) the indictment was multiplicitous; and (4) the trial court erred in ruling that the State could use defendant's prior conviction to show intent. We conclude that all convictions should merge into a single judgment of conviction for possession of cocaine with intent to sell; thus, we vacate the sentence relating to simple possession of cocaine, although this will not change the effective eight-year sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part;**
**Reversed in Part; Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Mark C. Scruggs, Nashville, Tennessee, for the appellant, Rhonda Patricia Mayes.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. (Eddie) Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 23, 2000, a Marshall County grand jury indicted defendant, Rhonda Patricia Mayes, on three counts of possession of cocaine over .5 grams for resale, Class B felonies; two

counts of possession of cocaine under .5 grams for resale, Class C felonies; one count of possession of Alprazolam for resale, a Class D felony; one count of simple possession of marijuana, a Class A misdemeanor; and possession of drug paraphernalia with intent to deliver, a Class E felony.

Defendant first filed a motion to suppress, and hearings were conducted on June 21, 2000, and on September 6, 2000. Next, defendant moved to dismiss Counts Two through Five of the indictment on the ground that the indictment was multiplicitous. A hearing was conducted on November 8, 2000, regarding defendant's motion to dismiss. By order entered on November 16, 2000, the trial court denied defendant's motion to dismiss and defendant's motion to suppress. On November 30, 2000, this case was submitted to trial by jury. The jury found defendant guilty of two counts of possession of cocaine with intent to sell, two counts of simple possession of cocaine, one count of simple possession of Alprazolam, one count of simple possession of marijuana, and possession of drug paraphernalia with intent to use, the latter offense being a Class A misdemeanor. The trial court merged the two counts of possession of cocaine with intent to sell into one count and merged the two counts of simple possession of cocaine into one count. The trial court also merged the simple possession of marijuana into the conviction for simple possession of Alprazolam. The convictions for possession of marijuana, possession of Alprazolam, and possession of drug paraphernalia are not at issue in this appeal.

On January 17, 2000, the trial court entered one judgment of conviction for possession of cocaine for resale, a Class B felony, sentencing the defendant to eight years. The trial court entered one judgment of conviction for simple possession of cocaine, a Class A misdemeanor, sentencing the defendant to eleven months and twenty-nine days. The trial court entered one judgment of conviction relating to the two counts charging possession of Alprazolam and marijuana, a Class A misdemeanor, sentencing the defendant to eleven months and twenty-nine days. The trial court sentenced the defendant to eleven months and twenty-nine days for possession of drug paraphernalia. The court ordered the sentences to be served concurrently; however, the court did order consecutive sentencing with respect to another case for which defendant had been on community corrections when the current offenses were committed. The propriety of the convictions and sentences for possession of Alprazolam, marijuana and drug paraphernalia are not at issue in this appeal.

Defendant filed a motion for new trial on January 23, 2001. The trial court denied the motion on February 21, 2001. Defendant timely filed a notice of appeal on February 22, 2001. In this direct appeal, defendant contends that there was insufficient evidence to support the conviction for possession with intent to sell cocaine; there were insufficient facts to establish probable cause so as to issue a search warrant for her apartment; the indictment was multiplicitous; and the trial court erred in ruling that the State could use defendant's prior conviction to show intent.

**Facts**

Detective Jimmy Whitsett, of the Lewisburg Police Department, testified that he was formerly the assistant director of the 17th Judicial District Drug Task Force and that he had extensive experience investigating crack cocaine and cocaine cases. He stated that he was present on February

24, 2000, at defendant's residence on 417 Haynes Street in Lewisburg, at approximately 11:00 p.m., when a search warrant was executed. He and the other officers waited for defendant to arrive. She allowed the officers into her apartment. Detective Whitsett searched the living room and found a black cigarette case containing a small amount of green plant material, a twenty-dollar bill, a small amount of white powder, gambling tickets, two blue pills, and some cigarette rolling papers under a couch cushion. He gave the evidence to the evidence custodian, Detective Shane Daugherty. Detective Whitsett testified that a cocaine addict could easily use one to three grams of cocaine per day. He stated that the evidence found was consistent with that of someone who uses drugs. He also testified that he found no devices that would be used to manufacture or distribute cocaine.

Marshall County Deputy Kevin Clark testified that on the day of the search, he was a detective with the Lewisburg Police Department who assisted in the execution of the search warrant at defendant's home. He searched the main bedroom and part of the utility area. He stated that he found a clear plastic bag containing two smaller plastic bags that held what appeared to be cocaine. The plastic bags were found in the pocket of a jacket hanging in a closet. He stated that he also found what appeared to be marijuana inside a purse on the floor of the bedroom closet.

Detective Daugherty testified that he was the evidence custodian at defendant's house when the search warrant was executed. He searched defendant's bedroom and found marijuana and cocaine inside a gold box in the top dresser drawer. He also found white pills and a blue pill in the dresser drawer. He stated that the officers found $140.00 on defendant, as well as a set of hand-held scales used to measure small weights. He further stated how the scales would be used. He stated that drug dealers usually weigh cocaine.

Tim Lane, director of the 17th Judicial District Drug and Violent Crime Force, testified that he participated in the execution of the search warrant at defendant's home. He found rolling papers and plastic Ziploc bags in the bedroom. He also stated that the return slip on the service of the search warrant was the only report generated from the execution of the search warrant.

Donna Flowers, a TBI forensic chemist, testified that the two white pills taken from defendant's dresser by Agent Daugherty were Alprazolam, also known as Xanax. She stated that the gold box taken from defendant's dresser contained .4 grams of cocaine and .5 or .6 grams of marijuana. She said that the drugs discovered by Detective Whitsett under the couch cushion were approximately .8 grams of marijuana, .04 grams of powder cocaine, and two Alprazolam pills. She stated that the drugs found by Detective Clark in defendant's closet were approximately 6.6 grams of marijuana, 2.6 grams of crack cocaine, and 11.5 grams of powder cocaine. She testified that the total amount of cocaine found was approximately 14.54 grams, with an estimated worth of approximately $1,400.00.

## Analysis

I.	*Sufficiency of Evidence*

When a defendant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Tuggle, 639 S.W.2d at 914. On appeal, "the state is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." State v. Henning, 975 S.W.2d 290, 294 (Tenn. 1998). This Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). In concluding our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996). We also will not reweigh a jury's rejection of a particular defense asserted by a defendant to excuse his conduct. See, e.g., Cabbage, 571 S.W.2d at 835.

Defendant contends that there is insufficient evidence to convict for possession of cocaine with intent to sell. Defendant asserts that the evidence is indicative of someone who uses drugs rather than someone who sells them. We disagree and affirm the trial court's judgment.

When viewed in a light most favorable to the State, the evidence reveals that Detective Clark found plastic bags containing almost 12 grams of powder cocaine and 2.6 grams of crack cocaine in a jacket pocket located in a closet. Detective Daugherty found .4 grams of cocaine in defendant's dresser. Finally, Detective Daugherty found a set of hand-held scales used for measuring small weights. The testimony of Detectives Daugherty and Clark also revealed that the amounts of cocaine taken were consistent with that of someone who deals in drugs in the community. Because of the amount of drugs found, the location where the drugs were found, the packaging, and the scales, we conclude that the evidence is sufficient for a reasonable jury to conclude that defendant was in possession of the cocaine for the purpose of selling it.

*II.*     *Sufficiency of Affidavit Supporting Issuance of Search Warrant*

Defendant next asserts that the affidavit supporting the issuance of a search warrant for defendant's home was insufficient. She contends that there were insufficient facts to show probable

cause. She further contends that the affidavit contained false statements from the affiant. We disagree and affirm.

In this state, a finding of probable cause supporting issuance of a search warrant must be based upon evidence included in a written and sworn affidavit. Tenn. Code Ann. § 40-6-104 (1997); Tenn. R. Crim.P. 41(c); State v. Henning, 975 S.W.2d 290, 294-95 (Tenn.1998). Specifically, this Court has observed that "probable cause to support the issuance of a warrant must appear in the affidavit, and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant." State v. Copeland, No. 03C01-9402-CR-00079, 1996 Tenn. Crim. App. LEXIS 385, at **8-9 (Knoxville, June 28, 1996); see also State v. Moon, 841 S.W.2d 336, 337-38 (Tenn. Crim. App. 1992). Additionally, "in order to establish probable cause, an affidavit must set forth facts from which a reasonable conclusion may be drawn that the contraband will be found in the place to be searched pursuant to the warrant." State v. Norris, 47 S.W.3d 457, 470 (Tenn. Crim. App. 2000). Furthermore, "'affidavits must be looked at and read in a common sense and practical manner', and . . . the finding of probable cause by the issuing magistrate is entitled to great deference." State v. Bryan, 769 S.W.2d 208, 211 (Tenn. 1989) (quoting State v. Melson, 638 S.W.2d 342, 357 (Tenn. 1982)). Accordingly, we must review the affidavit to determine whether there was sufficient evidence contained therein to support the issuance of the search warrant; namely, whether the affidavit sufficiently alleges the existence of illegal activity at defendant's residence.

When the source of information for an affidavit establishing probable cause for a search warrant is a criminal informant, we must use the two-pronged Aguilar-Spinelli test adopted by the Tennessee Supreme Court in State v. Jacumin, 778 S.W.2d 430, 436 (Tenn. 1989). Under this test, the affidavit must demonstrate (1) a basis for the informant's knowledge and (2) a basis establishing the informant's credibility or a basis establishing that the informant's information is reliable. State v. Yeomans, 10 S.W.3d 293, 296 (Tenn. Crim. App. 1999).

False or misleading statements in a search warrant affidavit may invalidate the warrant. State v. Little, 560 S.W.2d 403, 407 (Tenn. 1978). In Little, our supreme court held that there are two circumstances that authorize the impeachment of an affidavit sufficient on its face: (1) a false statement made with intent to deceive the court, whether material or immaterial to the issue of probable cause, and (2) a false statement, essential to the establishment of probable cause, recklessly made. Id. In addition, the court held, "Recklessness may be established by showing that a statement was false when made and that affiant did not have reasonable grounds for believing it, at that time." Id. In order to be "essential to the establishment of probable cause," the false statement must be the only basis for probable cause. State v. Tidmore, 604 S.W.2d 879, 882 (Tenn. Crim. App. 1980).

In the instant case, a sworn affidavit was the basis for issuing a search warrant for the search of defendant's home. The affiant was Agent Daugherty, and the affidavit contained information provided by a confidential informant. The affidavit was based on information provided to Agent Thomas Biele of the 17th Judicial District Drug Task Force by the informant whereby the informant stated that he had seen crack cocaine in defendant's home within the past 72 hours. Upon learning

this, Agent Biele placed a body wire on the informant and gave the informant money to make a controlled buy from defendant. The attempt was unsuccessful, and no drugs were purchased. The affidavit contained all of this information as well as information of the informant's previous involvement with the task force. The informant provided information that led to the seizure of drugs on previous occasions.

> A portion of the affidavit stated as follows:
> ...the [confidential informant] said that [defendant] opened the door and invited the [confidential informant] inside. Once inside the residence the [confidential informant] asked [defendant] for some crack cocaine. [Defendant] replied that things are hot right now (the cops are in the area). The [confidential informant] then talked to [defendant] for a moment and then left.

Contrary to what is reflected in the affidavit, however, is Agent Biele's testimony at the suppression hearing that defendant, in fact, did not make the statement "things are hot right now," but the confidential informant did. Defendant contends that the affiant, Agent Daugherty, "attempted to bolster his argument for probable cause" by attributing a false statement to defendant. She further asserts that because the attempted purchase by the informant was unsuccessful, there was no probable cause to issue the warrant.

At the conclusion of the suppression hearing, the trial court stated that there was "no showing of a fraudulently made statement" or a statement "made with reckless disregard for the truth" in the affidavit. As such, the trial court found that sufficient probable cause existed so as to issue the search warrant, and defendant's motion to suppress was overruled.

We affirm the trial court's ruling. First, the affidavit indicates that the confidential informant was reliable in that he had provided the authorities with information that led to the seizure of drugs in the past. Second, the informant was knowledgeable. He specifically stated that he had seen defendant in possession of cocaine within the past 72 hours. Therefore, the use of this confidential informant for the purposes of substantiating the search warrant was proper.

Third, even though the text of the warrant stating defendant said "things are hot right now," was ultimately revealed to be incorrect, the trial court found that the statement was not fraudulent or made in reckless disregard of the truth. We note the following exchange between the court and Agent Biele:

> Question: ...[A]lthough the defendant did not say, quote, "Things are hot right now,"
> she did acknowledge the truthfulness of the [confidential informant's] statement?"
> Answer: That's correct, yes, sir.

It is easy to see that a potential drug sell was not consummated because defendant believed that police were in the area. The fact that the affidavit contained an innocent mistake as to who made the remarks regarding the presence of police does not justify finding a lack of probable cause. Nor does it justify finding that the affidavit contains statements made in reckless disregard for the truth. We see no need to disturb the trial court's ruling

Finally, even if the statements in the affidavit were recklessly made, we believe the informant's claim of seeing drugs in defendant's apartment independently establishes probable cause.

*III.    Indictment*

In the instant case, Count One of the indictment was a cumulative count covering the charges in Counts Two through Five and charged defendant with possession of 14.54 grams of cocaine for resale. The jury returned a verdict of not guilty for this count. Count Two charged defendant with possession of 11.5 grams of cocaine for resale. Count Three charged defendant with possession of 2.6 grams of cocaine for resale. Count Four charged defendant with possession of .04 grams of cocaine for resale. Count Five charged defendant with possession of .4 grams of cocaine for resale. Defendant was found guilty as charged in Counts Two and Three. Defendant was found guilty of the lesser-included offense of simple possession of cocaine in Counts Four and Five.

Defendant alleges that the indictments were invalid because the counts were multiplicitous. She alleges that there was a single crime, and she received multiple punishments. Defendant argues that she has been unconstitutionally subjected to double jeopardy. We agree to the extent stated below.

Our state and federal constitutions protect a person from being prosecuted a second time for the same offense after acquittal or conviction, and from being punished multiple times for the same offense. State v. Mounce, 859 S.W.2d 319, 321 (Tenn.1993). "Multiplicity is the term applied to the improper charging of the same offense in more than one count." State v. Desirey, 909 S.W.2d 20, 27 (Tenn. Crim. App. 1995). Violation of the rule may allow the jury to unfairly infer that a defendant is a multiple offender or unfairly bolster the prosecution's argument on issues such as defendant's motive or knowledge. *Id.* The principal danger of a multiplicitous indictment, however, is to assure that criminal defendants will not receive multiple sentences for a single offense in violation of double jeopardy. State v. Young, 904 S.W.2d 603, 606 (Tenn. Crim. App. 1995). Furthermore,

> [t]he remedy for a multiplicitous indictment prior to trial is to either consolidate the counts into one count or to dismiss the excess counts. If there are multiple convictions following trial, another remedy is to impose sentence on but one count since the problem with multiplicity is several punishments for a single crime.

D. Raybin, **Tennessee Criminal Practice and Procedure** § 16.20, p. 412 (1984) (citations omitted).

We must first determine whether Counts One through Five, charging the possession of various amounts of cocaine for resale, constitute a single offense or multiple offenses. As stated, Count One was a cumulative count specifying 14.54 grams of cocaine; the remaining four counts allege various amounts, which in the aggregate total 14.54 grams. All of the cocaine was found in the residence but at various locations. We must conclude all counts represent a single offense; multiple convictions based on possessing cocaine in different parts of the same residence are not permissible. *See* State v. Brown, 823 S.W.2d 576, 581 (Tenn. Crim. App. 1991) (holding

simultaneous possession of drugs located on adjoining property constitutes a single offense). Accordingly, we must conclude Counts One through Five are multiplicitous.

We must now determine whether defendant is entitled to relief due to the trial court's failure to consolidate or dismiss the excess counts prior to trial. The jury chose to convict defendant on Counts Two and Three of the indictment for possession with intent to sell. In doing so, it is apparent that the jury determined that the drugs found in her jacket pocket in the closet, the largest amounts of drugs confiscated, were for resale. By convicting defendant of the lesser-included offense of simple possession on Counts Four and Five, the jury obviously determined that the drugs found in defendant's dresser and couch, the smallest amounts of drugs confiscated, were not for resale and were for defendant's personal use.

Initially, we conclude the multiple counts did not unfairly bolster the prosecution's case. *See* Desirey, 909 S.W.2d at 27. Thus, we look to whether defendant received multiple punishments for a single offense. *See* Young, 904 S.W.2d at 606. The defendant was acquitted of the cumulative Count One. The trial court merged the two convictions for possession of cocaine with intent to sell under Counts Two and Three. This merger effectively cured any double jeopardy problem with regard to these counts. State v. Addison, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997) (holding the trial court's merger and entry of only one judgment imposing only one sentence among multiple offenses protects the defendant from receiving multiple punishments in violation of double jeopardy). Although the trial court merged the two convictions for simple possession of cocaine in Counts Four and Five with each other and imposed a single sentence, it did not merge them into the judgment for possession of cocaine with intent to sell. This was error. We conclude these two misdemeanor cocaine offenses should likewise merge into the judgment for possession of cocaine with intent to sell, and that the existing sentence of eleven months and twenty-nine days for misdemeanor cocaine possession should be vacated. This does not change the effective eight-year sentence. We further note the misdemeanor convictions and sentences for possession of Alprazolam, marijuana, and drug paraphernalia remain unchanged as they are not the subject of this appeal.

IV.     *Use of Prior Convictions to Show Intent*

Finally, defendant asserts that the trial court erred by "ruling that if [d]efendant testified" she possessed the drugs for personal use, the State would be allowed to question her regarding prior convictions for sale of cocaine. As the State points out, however, the trial court made no such ruling.

The record reflects that defendant desired that the trial court render an advisory opinion regarding the State's possible use of defendant's prior convictions for sale of cocaine. The trial court stated that there would be no ruling until a jury-out proceeding was had. Trial counsel then asked the court if defendant should make a proffer or if he - trial counsel - could make the proffer and briefly describe what defendant would testify to in a jury-out proceeding. Again, and repeatedly, the trial court stated that there would be no ruling until a jury-out proceeding. Defendant never requested, either by motion or orally, any such procedure, and no procedure was had.

Rule 404(b) of the Tennessee Rules of Evidence states as follows:

(b) Other Crimes, Wrongs, or Acts. - Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:

(1) The court *upon request* must hold a hearing outside the jury's presence;

. . .

Tenn. R. Evid. 404(b) (emphasis added). As previously stated, defendant never requested the hearing so as to determine the admissibility of character evidence. Further, and contrary to defendant's assertion in her brief, the trial court made no ruling regarding admissibility. As such, there is no appealable issue.

## CONCLUSION

Accordingly, we affirm the one judgment of conviction for possession of cocaine with intent to sell. We remand to the trial court to enter an order reflecting that the convictions for simple possession of cocaine merge into the judgment for possession of cocaine with intent to sell. The trial court shall vacate the sentence of eleven months and twenty-nine days for simple possession of cocaine.

_____

JOHN EVERETT WILLIAMS, JUDGE